Catherine L. Hazany, CA Bar No. 229095
catherine.hazany@ogletree.com
Margaret C. Castaneda, CA Bar No. 311670
margaret.castaneda@ogletree.com
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
19191 S. Vermont Avenue, Suite 950
Torrance, CA  90502
Telephone:   310-217-8191
Facsimile:   310-217-8184

Attorneys for Defendants THE BOEING
COMPANY, MILLENNIUM SPACE
SYSTEMS, INC., JENNIFER
BERINA-BUELNA and NINA MATTERA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG M GARRIOTT, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>THE BOEING COMPANY, a Delaware corporation, MILLENNIUM SPACE SYSTEMS, INC., a Delaware corporation, JENNIFER BERINA-BUELNA, an individual, NINA MATTERA, an individual, and DOES 1 to 100, inclusive,<br><br>              Defendants. | Case No. 2:24-CV-04735<br><br>**DECLARATION OF CATHERINE L. HAZANY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>*[Filed concurrently with Notice of Removal; Civil Cover Sheet; Certification and Notice of Interested Parties; Consent to Removal; and Declaration of John Turner]*<br><br><br>Action Filed:     April 10, 2024<br>Removal Date:<br>Trial Date:       Not Set |

## <u>DECLARATION OF CATHERINE L. HAZANY</u>

I, Catherine L. Hazany, declare:

1.    I am an attorney at law duly licensed and admitted to the United States District Court for the Central District of California. I am a Shareholder with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel of record for Defendants THE BOEING COMPANY ("Boeing"), MILLENNIUM SPACE SYSTEMS, INC. ("MSS"), JENNIFER BERINA-BUELNA and NINA MATTERA. I am familiar with the facts and circumstances reflected below and surrounding this litigation. If called as witness, I could and would competently testify to the following.

2.    I am informed and believe, Plaintiff Craig M. Garriott ("Plaintiff") filed his Complaint on April 10, 2024 in the Los Angeles County Superior Court (Case No. 24STCV09031) ("Action"). Plaintiff filed an Amended Complaint on April 30, 2024. I am attaching to the accompanying Notice of Removal as Exhibit 1 a true and correct copy of the Summons, First Amended Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Packet, Order to Show Cause Hearing re: Proof of Service; Notice of Acknowledgement and Receipt;

3.    On May 7, 2024, Boeing and MSS were personally served through their statutory agent with the Complaint. Attached hereto as Exhibit 2 is true and correct copy of the service of process transmittal summaries for Boeing and MSS.

4.    On May 9, 2024, Plaintiff's counsel emailed a Notice of Acknowledgment of Receipt of the Summons and Complaint to me for service upon individual defendants Nina Mattera and Jennifer Berina-Buelna, which I signed on May 20, 2024. Attached hereto as Exhibit 3 is true and correct copy of the Notice of Acknowledgement of Receipt.

5.    On June 4, 2024, Defendants filed an Answer to the Complaint in state court, asserting various affirmative defenses. A true and correct copy of the service copy of the Answer is attached as Exhibit 4.

6.      On June 4, 2024, Defendants filed a Notice of Related Case regarding Plaintiff's wife's case, *Kathy Moonitz v. The Boeing Company, et al.* (Case No. 24STCV09122)).  Attached hereto as Exhibit 5 is true and correct copy of the Notice of Related Case.

7.      I am attaching as Exhibit 6 a true and correct copy of the complaint filed by Plaintiff's wife against Defendants Boeing and Nina Mattera in *Kathy Moonitz v. The Boeing Company, et al.* (Case No. 24STCV09122).

8.      In accordance with 28 U.S.C. section 1446(d), promptly after filing this Notice of Removal, Defendants will give separate written notice to all adverse parties and shall file a copy of said notice with the clerk of the Superior Court of California, County of Los Angeles.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed on June 5, 2024, at Los Angeles, California.

Catherine L. Hazany

DECLARATION OF CATHERINE L. HAZANY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE BOEING COMPANY, a Delaware corporation, MILLENNIUM SPACE
SYSTEMS, INC., a Delaware corporation, JENNIFER BERINA-BUELNA, an
individual, NINA MATTERA, an individual, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CRAIG M GARRIOTT, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/11/2024 8:56 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 N. Hill Street, Los Angeles, CA  90012

**CASE NUMBER:**
*(Número del Caso):*
24STCV09031

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SANSANOWICZ LAW GROUP, P.C. c/o Leonard H. Sansanowicz 21031 Ventura Boulevard, Suite 701
Woodland Hills, CA 91364; tel: (818) 639-8510

DATE: 04/11/2024   David W. Slayton, Executive Officer/Clerk of Court   Clerk, by  S. Bolden  , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: MILLENNIUM SPACE SYSTEMS, INC., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1 | Leonard H. Sansanowicz, Esq. (SBN 255729)
SANSANOWICZ LAW GROUP, P.C.
2 | 21031 Ventura Boulevard, Suite 701
Woodland Hills, CA 91364
3 | Tel: (818) 639-8510
Facsimile: (818) 639-8511
4 | leonard@law-slg.com

5 | Narak Mirzaie, Esq. (SBN 311508)
6 | M LAW ATTORNEYS, APC
P.O. Box 60091
7 | Pasadena, CA 91102
Tel: (626)626-4422
8 | Fax: (626)626-4420
nm@mlawattorneys.com
9 |
Attorneys for PLAINTIFF CRAIG M GARRIOTT
10 |

**FILED**
Superior Court of California
County of Los Angeles.

**04/30/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ N. Osollo _____ Deputy

11 |           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 |        **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

13 | CRAIG M GARRIOTT, an individual,

14 |                    Plaintiff,

15 |     vs.

16 |

17 | THE BOEING COMPANY, a Delaware
18 | corporation, MILLENNIUM SPACE
     SYSTEMS, INC., a Delaware corporation,
19 | JENNIFER BERINA-BUELNA, an
     individual, NINA MATTERA, an individual,
20 | and DOES 1 to 100, inclusive,

21 |

22 |                    Defendants.

Case No. 24STCV09031

*[Assigned for all intents and purposes to the Hon. Bruce G. Iwasaki, Dept. 58]*

**PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES FOR:**

1. **BATTERY;**
2. **NEGLIGENCE;**
3. **NELIGENT RETENTION;**
4. **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 6310;**
5. **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5(b);**
6. **INJUNCTIVE RELIEF/DECLARATORY JUDGMENT;**
7. **DEFAMATION PER SE; AND**
8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

23 |
24 |
25 |
26 |
27 |
28 |

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law
Electronically Received 04/30/2024 05:37 PM

COMES NOW Plaintiff Craig M. Garriott ("Plaintiff" or "Mr. Garriott") for causes of action against The Boeing Company ("Boeing"), Millennium Space Systems, Inc. ("Millennium"), and DOES 1 to 100 inclusive (collectively with Boeing and Millennium, "Employer Defendants"), as well as against Jennifer Berina-Buelna ("Berina"), and Nina Mattera ("Mattera") (collectively with Employer Defendants, "Defendants"), alleging as follows:

## NATURE OF THE ACTION

1.      This is a complaint brought under the California Labor Code, including whistleblower retaliation, as well as common law principles, for battery, negligence, negligent retention, and defamation per se. Plaintiff seeks compensatory, general, and punitive damages, injunctive and declaratory relief, attorney's fees, and costs of suit from Defendants.

2.      Plaintiff and Defendants executed a tolling agreement effective October 5, 2023, mutually agreeing to toll all statutes of limitations that were viable as of the commencement of the tolling period through and including the sixtieth day after mediation. The parties attended mediation on February 12, 2024. The parties' Tolling Agreement is attached hereto as **Exhibit A.**

## PARTIES

3.      Plaintiff Craig Garriott is, and at all times relevant was, an individual residing in Los Angeles County, California. Since approximately 1997, Mr. Garriott has been employed by The Boeing Company, Millennium Space Systems, Inc., and Does 1 to 100 ("Employer Defendants") in various positions, mostly as a technician.

4.      Defendant The Boeing Company ("Boeing") is, and at all times relevant was, a Delaware corporation that jointly employed Plaintiffs and others in California, whose principal place of business is 1950 E. Imperial Highway, El Segundo, CA 90245.

5.      Defendant Millennium Space Systems, Inc. ("Millennium") is, and at all times relevant was, a Delaware corporation that jointly employed Mr. Garriott and others in California, whose principal place of business is 1950 E. Imperial Highway, El Segundo, CA 90245.

6.      Defendant Jennifer Berina-Buelna ("Berina") is, and at all times relevant was, an individual residing in Los Angeles County, California. During the relevant period, Berina was Spacecraft Manager of Boeing's O3B Department.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

7.     Defendant Nina Mattera ("Mattera") is, and at all times relevant was, an individual residing in Los Angeles County, California. During the relevant period, Mattera was Manager of Propulsion Area and reported to Ben Kroeter, Director of Operations for Boeing El Segundo (Aerospace) (" Kroeter"), and Karl Gaugel (Assistant Director of Operations) ("Gaugel").

8.     Plaintiff currently is unaware of the true names of the defendants sued herein as Does 1 through 100, inclusive. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint. Plaintiff is informed and believes, and thereon alleges, that Does 1 through 100 are the partners, joint employers, agents, owners, shareholders, directors, members, officers, managers, or employees of Boeing and/or Millennium. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each defendant was an employer, principal, agent, manager, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Employer Defendants, and was engaged with some or all of the other Employer Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is informed and believes, and thereon alleges, that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant did, knew or should have known about, authorized, ratified, adopted, approved, controlled, or aided and abetted the conduct of all other Employer Defendants, which proximately caused the damages herein alleged. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, willfully, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

9.     Plaintiff is further informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, Boeing, Millennium, Berina, Mattera, and/or Does 1 through 100, each acting as the agent, employee, alter ego, and/or

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1  joint venturer of, or working in concert with, each of the other co-defendants and was acting within

2  the course and scope of such agency, employment, joint venture, or concerted activity with legal

3  authority to act on the others' behalf. The acts of any and all Defendants were in accordance with,

4  and represent, the official policy and practice of Boeing and/or Millennium.

5      10.    Boeing, Millennium, and the business entities sued as Does 1 through 100

6  (collectively, "Employer Defendants"), were and are Plaintiff's employers. Under California law,

7  Employer Defendants are jointly and severally liable as employers, or other persons acting on

8  behalf of Employer Defendants, for violating, or causing to be violated, the violations alleged herein

9  because they have each exercised sufficient control over the terms, wages, hours, working

10 conditions, and/or employment of Plaintiff. Each Employer Defendant had the power to hire and

11 fire Plaintiff and other employees, to supervise and control their work schedules and/or conditions

12 of employment, to determine their rates of pay, and the right to control how or if Plaintiff and other

13 employees were paid for time worked. Employer Defendants suffered or permitted Plaintiff to work

14 and/or engaged Plaintiff and others to create a common law employment relationship. As joint

15 employers of Plaintiff, Employer Defendants are jointly and severally liable for the damages and all

16 other relief available to Plaintiff as alleged herein.

17                    **JURISDICTION AND VENUE**

18     11.    Jurisdiction for this matter lies properly with this Court because the monetary

19 damages sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will

20 be established according to proof at trial. This Court also has jurisdiction over this action pursuant

21 to the California Constitution, Article VI, § 10.

22     12.    This Court also has jurisdiction in this matter because throughout his employment,

23 Plaintiff has been a California citizen, as are Defendants Berina and Mattera. Further, there is no

24 federal question at issue, as the issues herein are based solely on California statutes and law.

25     13.    Venue is proper in this Court because Employer Defendants employ persons,

26 including Plaintiff, in this county, and thus a substantial portion of the transactions and occurrences

27 related to this action occurred in this county. (C.C.P. § 395.) Moreover, the principal violations of

28

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

1  California law occurred in California, and the conduct of all Defendants which form the basis for

2  Plaintiff's claims occurred within or arose out of California and within this county.

3  **GENERAL ALLEGATIONS**

4       14.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 13, inclusive,

5  as if fully set forth herein.

6       15.    Mr. Garriott began working at Boeing around May 1997. (He worked for the

7  predecessor company, Hughes Space and Communications Company, before Boeing acquired it.)

8  Mr. Garriott has worked as an antennae technician and an aero vehicle technician, mostly as an aero

9  vehicle technician. He became a shop steward of the United Brotherhood of Carpenters and Joiners

10  of America ("Union") beginning in 2007 and became a senior shop steward around 2012.

11  **A.  Berina, a Powerful Manager, Retaliates Against Mr. Garriott After He Refuses to**

12       **Participate in Illegal Activity She Requests.**

13       16.    In approximately 2017, Berina asked Mr. Garriott to lie about work performed on a

14  government project (asking Mr. Garriott and others to sign off on work to verify it had been

15  completed even when it had not or when they had not performed the work themselves), which he

16  refused to do, complaining it was unethical. Berina's then-boss derided Mr. Garriott for not being a

17  "team player." In retaliation for Mr. Garriott's refusal to participate in what he believed was illegal

18  conduct, management demoted Mr. Garriott, and Berina convinced others to deny Mr. Garriott

19  access to certain work opportunities. Specifically, Berina instructed another department, ViaSat,[1] to

20  deny Mr. Garriott access to their area, to intentionally deprive Mr. Garriott of potential earnings,

21  since the ViaSat program required a lot of overtime hours (one of the highest overtime areas at El

22  Segundo). In so doing, Berina sought to prevent Mr. Garriott from working overtime in the top two

23  job areas on site, O3B[2] (under Berina's direct supervision) and ViaSat, which resulted in his losing

24

25  [1] ViaSat-3 is a global constellation of communications satellites owned by ViaSat, Inc., an American communications company, whose purpose (once launched) will be to provide hi-speed broadband

26  connectivity for residential, commercial, and government use around the world. Upon information and belief, Boeing has partnered with ViaSat since 2016.

27

28  [2] O3B is a satellite constellation in Medium Earth orbit ("MEO") owned and operated by SES, a European telecommunications company, that is designed to provide broadband connectivity to remote locations so that internet and mobile services can be more accessible to all. "O3B" stands for "other three billion," as in the

SANSANOWICZ LAW GROUP, P.C.<br>Attorneys at Law

1 out on many hours of overtime. Shortly thereafter, Mr. Garriott took a union "leave" to work on

2 behalf of the Union in the capacity of Business Agent, while remaining a Boeing employee. After

3 Mr. Garriott transferred to the Business Agent position, Berina told other workers that Mr. Garriott

4 was a bad technician, despite the fact he had received positive performance reviews to that point.

5      17.    During the time he was on loan to the Union, Boeing put Mr. Garriott's Boeing

6 position on hold. He worked as a Union employee from 2017 to 2022, upon which he returned to

7 Boeing full-time and assumed the role of senior shop steward. Mr. Garriott's job, both for the Union

8 and for Boeing upon his return, was to file grievances with the Union on behalf of union workers

9 employed by Boeing. After returning to Boeing, Mr. Garriott became Focal Steward at Boeing and

10 then Chief Focal Steward, overseeing the Focal Stewards at both Boeing and Millennium.

11       **B. Berina Assaults Mr. Garriott, and Boeing Protects Her.**

12      18.    Around June 2022, Mr. Garriott found himself walking the floor of the high bay (the

13 area where satellites are assembled) with other stewards, investigating why two non-union salaried[3]

14 employees (engineers) were on the floor seemingly performing hourly (union) jobs (meaning,

15 taking work opportunities away from union members), which, if true, would have been a violation

16 of the collective bargaining agreement. When the stewards asked the engineers why they were

17 performing union duties in violation of the contract, the engineers became defensive and responded

18 to the stewards in a dismissive manner. Defendant Berina, who saw the exchange from a distance,

19 intentionally walked over 300 feet to where Mr. Garriott was standing and physically assaulted him

20 in front of other employees. Grabbing Mr. Garriott by both arms, Berina threatened, "You need to

21 mind your fucking business!" Mr. Garriott protested and demanded Berina remove her hands from

22 him. When he tried to speak, however, Berina put her hands up to Mr. Garriott's face, as if to try to

23

24 estimated number of people at the time the project was launched (around 2010) who did not have stable

25 internet access. Boeing contracted with SES to supply satellites for the O3B program beginning in 2017. In 2022, SES launched its mPOWER network (https://www.ses.com/o3b-mpower), and Boeing provided the

26 first two satellites for the program (https://boeing.mediaroom.com/news-releases-statements?item=131182). SES either plans to contract or has contracted with Boeing for 24 additional mPOWER satellites.

27

28 [3] Distinctions between "salaried" and hourly employees connotes the difference between union employees (hourly) and non-union positions.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

1  get him to stop talking. Mr. Garriott was shocked and humiliated by the unprovoked surprise attack.

2      19.    There were multiple witnesses to the assault, as it took place out in the open on the

3  high bay floor. The incident was also recorded by Boeing video cameras, as there are cameras

4  virtually everywhere on the high bay floor. Nevertheless, the video evidence was destroyed mere

5  days after the assault, despite clear protocols to the contrary.

6      20.    The Berina assault was turned over to the Boeing Ethics Department, and the

7  Corporate Investigation team ("CI") investigated the incident. The lead investigator noted there was

8  no video of the incident. Upon information and belief, Boeing El Segundo's then-head of security

9  left a note in the file that no video surveillance was available because it had been "inadvertently"

10  erased. At a meeting with Labor Relations (David Young, Head of Labor Relations – El Segundo)

11  and Human Resources (Maryanne Koshar, Head of HR – El Segundo), Young and Koshar

12  confirmed they had seen the video before it was erased. Despite clear policies prohibiting physical

13  assaults on co-workers, Berina was never disciplined for her assault of Mr. Garriott, let alone

14  terminated; Berina's boss simply told her not to do anything like that again. Moreover, the local HR

15  department was ordered to cease its investigation of Berina.

16      21.    It was clear upper management was interested in protecting Berina, as she manages

17  what is the most lucrative department in Boeing, O3B, and management did not want to do anything

18  to jeopardize that business.

19  **C. Mr. Garriott Again is Denied Access to the ViaSat Area.**

20      22.    Around September or October 2022, Mr. Garriott's ViaSat badge suddenly stopped

21  working, even though he was supposed to have access to special program areas like ViaSat. It took

22  the personal plea by a leading scientist at Boeing on behalf of Mr. Garriott to have his ViaSat access

23  reinstated.

24      23.    Upon information and belief, Mr. Garriott's access to the ViaSat area was blocked in

25  retaliation for having complained about the Berina assault.

26  **D. Berina's Retaliation Continues Into 2023, on Her Own and by Proxy.**

27      24.    Boeing's lack of accountability with Berina simply encouraged her to continue to

28  target Mr. Garriott, both directly and through her proxies. Around March 2023, Mr. Garriott was

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

working the floor on mandatory overtime when he observed some salaried employees in the area not following safety procedures. Mr. Garriott reminded them of the safety precautions they needed to take. One of the salaried employees, Kourken "Ken" Hamalian, pressured the Integration Lead on duty to remove Mr. Garriott and have his ViaSat access permanently denied. Mr. Garriott reported the incident to his senior shop steward, who reported the incident to David Young.

25.     The Union interviewed Hamalian pursuant to its own investigation. He stated that the day after Berina assaulted Mr. Garriott in 2022, she met with the ViaSat team and told them they should deny Mr. Garriott access to their area. Hamalian admitted that ViaSat did bar Mr. Garriott from their area in 2022, and that the salaried employees tried to get Mr. Garriott removed in March 2023 because they were still relying on what Berina had told them about Mr. Garriott in 2022.

26.     Other employees were emboldened by Berina's conduct, as well, and took notice of the lack of consequences for her actions. In 2023, Dylan Garriott (Mr. Garriott's son) approached an engineer on the floor who was not wearing safety glasses and asked her to follow the proper safety procedure. She told Dylan she would but did not. Dylan returned with his father, who again asked the engineer to put on her glasses, for safety purposes. An engineer who primarily serves the O3B Department, Jessie Villegas, was standing nearby and started to protest. Mr. Garriott (senior) tried to explain to Villegas that everyone needed to follow safety protocols; in response, Villegas took a swipe at Mr. Garriott's face, which Mr. Garriott was only able to avoid by jerking back his head quickly. To date, Villegas has never been disciplined for the incident.

27.     In July 2023, Berina opened a CI complaint against Mr. Garriott in retaliation for making a protected safety complaint (i.e., reporting safety violations to try to enforce Boeing's safety protocols for a safe and healthy work environment, per Cal OHSA requirements). Berina sent an email to upper management accusing Mr. Garriott of creating a hostile work environment and instructed other employes to submit false allegations against Mr. Garriott.

**E. Attacks Against Mr. Garriott Reach Upper Management, As Well.**

28.     Generally, Mr. Garriott's health and safety complaints were not annoying attempts to enforce arcane rules or his own capricious whims; they were designed to save lives and the company money. By way of example, around October or November 2023, salaried engineers failed

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 7 -

1  to secure a clamp band on a four-ton satellite; over a weekend (fortunately, since there were no
2  technicians on the floor), the satellite fell to the floor. The satellite, which cost well over $1 billion,
3  was just about to be delivered, and now it likely will need to be scrapped. Had technicians been on
4  the floor when the satellite fell, workers could have been killed (and workers have been killed on
5  the floor in the past). This experience highlights the importance of Mr. Garriott's continuous safety
6  complaints and why he remains vigilant about protecting the lives of the workers under his
7  supervision and the assets and equipment of the company. Yet he continuously has been retaliated
8  against simply for doing his job, and that retaliation has reached upper management, as well.

9      29.    Around May or June 2023, someone accidentally shorted out an entire battery on one
10  of the satellites, an extremely dangerous event which could have caused the battery to burn up and
11  kill workers on the floor. At a subsequent management meeting, Michelle Parker, Vice President for
12  the Space Mission Systems organization within Boeing Defense, Space & Security (in essence, the
13  COO of the El Segundo facility; she is referred to internally as "VP-Program Management
14  Executive" of the Government Satellite Systems Department), reportedly said something to the
15  effect of, "Isn't it odd that it was Craig Garriott's son who was responsible for this."  Upon
16  information and belief, it was two Integration Leads who are friends with Berina who told Parker
17  that Dylan Garriott was responsible for the battery incident.

18      30.    As a further and more recent example, in April 2024, Mr. Garriott was standing at
19  the entrance of the El Segundo facility with Labor Relations Manager David Young, when he found
20  himself next to Parker, who was talking to somebody else. Mr. Garriott had been trying to schedule
21  a meeting with Parker to discuss a safety issue at Millennium, which was appropriate because
22  Millennium's CEO, Jason Kim, reports directly to Parker. (The safety issue at Millennium Mr.
23  Garriott was trying to address was a report that Millennium has been running thermal testing on
24  equipment 24/7, even on weekends when no employees are present; it is extremely dangerous to run
25  unmanned thermal testing, as unchecked overheating could cause fires or even detonate the entire
26  facility.)[4] Mr. Garriott had been instructed to go through Marianne Koshar, Head of HR, to schedule
27

28  _____
[4] Boeing, by contrast, runs thermal testing 24/7 but has three shifts of dedicated hourly employees, and at least one manager providing oversight each shift, so that the testing is always monitored.

- 8 -

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

a meeting with Parker, but had been told Parker was out of town. Seizing the opportunity to address Parker directly, Mr. Garriott waited until she had finished talking to the other person at the gate, then mentioned he had heard she was out of town and he needed to talk to her about a pressing safety issue. Parker got in Mr. Parker's space, jabbed her finger at his chest, said, "I *was* out of town," and proceeded to tell him how she had met with a senator and a high-ranking military official and that Mr. Garriott had no idea what she did on a daily basis.

31.    Setting aside that Parker did not seem to know what was occurring in her own facilities on a daily basis, her conduct was considered a threatening gesture under Boeing's own policy. Mr. Garriott called for Boeing to pull the video of the incident and to perform a threat assessment, per the terms of the policy; this would have meant Parker would have been suspended, pending the investigation of the alleged incident. Mr. Garriot requested that the policy apply to Parker just like everybody else at Boeing (i.e., that she should not be held above the rules), and he asked for the threat assessment. Koshar refused to conduct the threat assessment or investigation. Parker then called for a threat assessment against Mr. Garriott, and he agreed, telling Boeing they should suspend both him and Parker and investigate the matter. Boeing refused to do so.

**E.    As Part of His Union Duties, Mr. Garriott Investigates a Clear "Pay to Play" Practice by Mattera, Who Engages in a Campaign to Smear and Discredit Him.**

32.    Separate from the Berina assault, in 2022 Mr. Garriott also was made aware by the Union that Defendant Mattera had used her position at Boeing to purchase a $10 million propellant system from a company owned by a family friend of hers and then hired the child of the head of that company to her (Mattera's team) at Boeing. Mr. Garriott reasonably suspected this type of "pay to play" nepotism violated any number of anti-kickback, bribery, or corruption laws,[5] including but not limited to California Penal Code section 641.3. Mr. Garriott also reasonably believed Mattera's

---

[5] Boeing's Compliance and Ethics webpage (available here: https://www.boeing.com/principles/ethics-and-compliance.page) provides, " Boeing strictly forbids bribery and corruption of any kind... Retaliation against reporting parties is strictly prohibited, and action is taken against violators of anti-retaliation policies."

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1    conduct violated Boeing's own Code of Conduct[6] (both for its own employees and its suppliers)[7] as

2    unethical conduct.[8] He knew such quid pro quo dealing needed to be investigated and reported, to

3    avoid even the appearance of impropriety.[9]

4         33.    Mr. Garriott reported Mattera's conduct to Young and Koshar around September

5    2022. He specifically requested his name be kept out of the complaint, though, as his wife, Kathy

6    Moonitz, worked near Mattera and Mattera was known to be retaliatory.

7         34.    Despite this request to remain anonymous, however, shortly after Mr. Garriott

8    reported Mattera to management, Mattera solicited statements from Boeing employees purporting to

9    establish that Mr. Garriott had threatened others with physical violence, as well as other untruths.

10   Pursuant to her scheme, Mattera enlisted Kelinda Starr – a K-level manager who, like Mattera,

11   reported directly to Kroeter and Gaugel – and the two of them falsely reported Mr. Garriott to the

12   head of security at El Segundo, as well as sent emails about Mr. Garriott to dozens of other Boeing

13   employees asking them to confirm the false allegations about the supposed threatening behavior.

14   Upon information and belief, at least some of this conduct occurred in October 2022 or later.

15   **F.  Mattera's Retaliation Continues Well After the Kickback Investigation.**

16

17   [6] The Boeing Code of Conduct specifically requires, "I will not engage in any activity that creates a conflict of interest for me or the company." It further provides, "I will promptly report any illegal, improper, or

18   unethical conduct to my management or through other appropriate channels."

19   [7] The Boeing Supplier Code of Conduct requires, "We expect suppliers to prohibit their employees from receiving, paying, and/or promising sums of money or anything of value, directly or indirectly, intended to

20   exert undue influence or improper advantage." Specifically, as per conflicts of interest, the policy provides, "We expect suppliers to avoid all conflicts of interest or situations that give rise to the appearance of a

21   potential conflict of interest. Suppliers must provide immediate notification to all affected parties in the event that an actual or potential conflict of interest arises. This includes a conflict between Boeing's interests and

22   the interests of a supplier, a supplier's employees or its employees' close relatives, friends, or associates."

23   [8] A 2021 Global Business Ethics Survey Report (linked from the Boeing website, and available here:

24   https://www.ethics.org/global-business-ethics-survey/) shows that from 2017 to 2020, observed conflicts of interest in the workplace rose 8%, from 15% to 23% of all observed ethical misconduct, with a higher jump

25   of observed conflicts of interest at the management level, from 22% to 38%, or a 16% increase.

26   [9] Boeing's Company Procedure PRO-7 mandates, "An actual conflict of interest does not need to be present to constitute a violation of this procedure. Activities that create the appearance of a conflict of interest must

27   also be avoided to ensure that the reputation of Boeing and its employees is not harmed." Moreover, Boeing's Ethical Business Conduct Guidelines further provides, "Examples of conflicts of interest include,

28   but are not limited to: **Personal relationships with employees of other business entities that could influence an employee's decision concerning the selection of a supplier or its products.**"

- 10 -

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

35.     Mattera's retaliation against Mr. Garriott continued well after the investigation into the nepotism charge against her. Following a safety training class in September 2022 (which Mr. Garriott was attending as a Boeing employee, not in his Union capacity) that Kelinda Starr taught, Starr convinced the safety training manager, Paul Clark, to falsely send an email to HR and Labor Relations that Mr. Garriott was being disruptive during the class. Clark later recanted and issued an apology email, admitting Starr had coerced him into sending the false email.

36.     In October 2022, Mattera and Starr baselessly accused Mr. Garriott of false hiring practices, including alleging Mr. Garriott was making hiring decisions and running the process "like a mafia boss." Boeing investigated, and Mr. Garriott was exonerated of these false charges, too.

37.     Also separate from the above conduct, Mr. Garriott investigated complaints about another employee, who ultimately was terminated. Mattera was the manager for the area in which that employee worked. The investigation was expanded to include Mattera's role in some of the complained-of conduct, including but not limited to Mattera's supposed practice of calling non-exempt employees at home to pressure them to work overtime hours, including when at least one of the employees was on bereavement leave. The Union turned over its investigation to Boeing; the company investigated the lower-level employee but not Mattera. Mattera complained to corporate investigators that Mr. Garriott was trying to build a case against her and the lower-level employee. While the corporate investigation was pending, Mattera called the lower-level employee to tell him that Mr. Garriott had gotten him suspended, thereby directly interfering with the investigation.

38.     In February 2023, Mattera falsely accused Mr. Garriott of pulling Union members off the floor and stopping production, neither of which he can do contractually. Young, Koshar, and Kroeter (Mattera's direct boss), all investigated, and the three of them concluded Mr. Garriott had done nothing wrong, and reprimanded Mattera. The next day, Mattera initiated a new complaint against Mr. Garriott; once again, Young, Koshar, and Kroeter concluded a Mattera complaint against Mr. Garriott was false and unsubstantiated.

**G. Mattera Also Responds to the Complaint by Retaliating Against Garriott's Wife.**

39.     In addition to going after Mr. Garriott directly, Mattera also retaliated against Mr. Garriott's wife to get back at him, including but not limited to: falsely accusing Ms. Moonitz of

- 11 -

having incorrectly purchased certain metals for the purpose of welding them to the satellites Boeing was manufacturing ("welds"), which purportedly had cost the company a lot of money (implying that Ms. Moonitz was incompetent at her job and had cost the company a lot of money); trying to have Ms. Moonitz replaced with a different quality inspector; having work taken away from Ms. Moonitz; and having management withhold information that Ms. Moonitz needed to be able to perform her job properly. In fact, Ms. Moonitz had not done what Mattera accused her of having done. However, the implication from Mattera's statement to Kroeter and Gaugel was that Ms. Moonitz was incompetent at her job, and the supposed mistake would render the product completely unworkable. Mattera made the statement as a matter of fact, not opinion, and intended to cause harm to Ms. Moonitz because of her association with Mr. Garriott.

40.    Mattera's statement proved to be false, as Ms. Moonitz's boss reviewed her work and determined she had not done anything wrong.

41.    Around this time, another inspector was brought in to replace Ms. Moonitz. He agreed with Ms. Moonitz's boss' assessment, telling Ms. Moonitz that based on his considerable experience in the field, she had done a good job and had not done anything wrong, certainly not what she was being accused of.

42.    Ultimately, Ms. Moonitz was allowed to keep her job. Nevertheless, shortly after the Mattera complaint, Ms. Moonitz suffered increased scrutiny from other managers in the area. She also received less work, and management stopped discussing with her what was going on with the satellites, which she needed to be able to perform her job properly.

43.    After the Mattera complaint, other workers in Ms. Moonitz's area reported having seen emails that, in effect, said Ms. Moonitz was a poor worker or did bad work.

**I.    In 2022, Millennium's COO Retaliates Against Mr. Garriott for Protected Activity.**

44.    Retaliation against Mr. Garriott has been pursued on the Millennium side, as well. In or about February 2022, Millennium Chief Operating Officer, Rory Hoffstatter, who is white, gathered five non-white employees in a room and told them that not everybody is treated equally in the company. The employees understood that to mean they were being treated disparately because of their race. As a matter of contract, any complaints of race discrimination must be reported to

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

Corporate Investigation. Mr. Garriott, in his capacity as Union rep, grieved the matter, and the Union prevailed on behalf of the employees. It was decided that Hoffstatter would issue an apology and send it to CI; however, Hoffstatter never fulfilled his obligation.

45.     After that process, Millennium conspired to bar Mr. Garriott from future meetings in which he was supposed to participate. Further, upon information and belief, Hoffstatter sent emails to Boeing Labor Relations that Mr. Garriott had committed misconduct, which was not true.

**J. Millennium's Retaliation Continues Into 2023.**

46.     In or about April 2023, several employees renewed their complaint with the Union that Hoffstatter had never issued an apology for his conduct in February 2022. Mr. Garriott renewed the Union's request for the Hoffstatter apology. Hoffstatter and Millennium CEO Jason Kim subsequently placed Mr. Garriot under CI investigation, which John Turner, Head of Labor Relations (which oversees Boeing and Millennium), confirmed with Mr. Garriott directly.

47.     Shortly after Turner confirmed the Hoffstatter/Kim CI investigation, Chuck Brockett, a Millennium manager, contacted Labor Relations and falsely accused Mr. Garriott of committing misconduct during a training class. Brockett later admitted he had never even attended the class.

48.     In May 2023, during a meeting with Labor Relations, Mario Pavochick, another Millennium manager, called Mr. Garriott a "fucking asshole" to Mr. Garriott's face in front of others. That type of language violated Boeing's and Millennium's policies and warranted discipline. No disciplinary action was taken against Pavochick.

49.     In December 2023, Mr. Garriott parked in the visitor's parking lot at Millennium and was on the phone with Koshar. Before Mr. Garriott could exit his car, a Millennium security guard – who knew Mr. Garriott but who also reported to Hoffstatter – blocked Mr. Garriott from opening the driver-side door and kept him there for 15-20 minutes (all the while as Mr. Garriott was on the phone with HR's Koshar, describing what was occurring in real time). Upon information and belief, the security guard, who reports directly to Hoffstatter, was shadowboxing in the office after he saw Mr. Garriott drive onto campus in the moments before he approached the car to harass Mr. Garriott.

**K. Boeing Has Tried to Bury the Attacks on Craig Garriott.**

50.     Around late 2022 or early 2023, Mr. Garriott reached out to Crystal Rivas, Head of

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

Ethics, to make both verbal and written complaints about the assault, harassment, and defamation he had endured in the past year. Boeing policy requires the Ethics department to open an investigation with a case number for each ethics complaint. In March 2023, Mr. Garriott asked Rivas for his file so he could get a copy of the complaints he had made to her previously. Rivas did not produce a file and could not even produce a case number for any of Mr. Garriott's ethics complaints. Upon information and belief, Rivas was told by Boeing management not to investigate Mr. Garriott's complaints, so she did not.

**L. The Retaliation Against Both Mr. Garriott and Ms. Moonitz Has Severely and Negatively Impacted Their Marriage and Family.**

51.     The stress of the retaliation has taken its toll on Mr. Garriott and Ms. Moonitz's marriage. They have only been married since 2021 yet have been separated several times since 2023 and have spent much of their marriage trying to reconcile these separations.

52.     Moreover, both of Mr. Garriott's adult children who are employed at Boeing have been targeted, overly scrutinized, and/or outright retaliated against because of their father. Dylan Garriott disassociated himself from his father for a while for fear that associating with Mr. Garriott would cause him to be retaliated against. Mr. Garriott has been barred from seeing his grandchildren out of the same concerns. Defendants' retaliatory conduct has had wide-ranging effects beyond the facilities where the family works.

53.     Owing to his longstanding tenure with the company, his responsibilities as a Union steward, and his own sense of personal accountability, Mr. Garriott takes his job and job duties very seriously. He knows that others depend on him to protect their interests at work, and he has improved labor relations in his Union capacity. However, management at Boeing and Millennium are vexed that Mr. Garriott continually reminds them they are not following protocols, even when those protocols are designed to ensure maximum safety on the floor, because management is more concerned with the bottom line than with the basic needs of their employees. (Indeed, Michelle Parker's bio provides, "She is responsible for program execution, strategic direction, **and profit and loss** for a portfolio that includes government and commercial satellites, space systems architecture, national security space programs, [and] ground systems...") It is this "profits over

SANSANOWICZ LAW GROUP,PC
Attorneys at Law

- 14 -

people" mentality which has caused Boeing management to target Mr. Garriott and those around him, because he is an inconvenient reminder that their bad actions have consequences.

## FIRST CAUSE OF ACTION

### BATTERY

**(By Plaintiff Against Defendant Berina and Employer Defendants)**

54. Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 53, inclusive, as though fully set forth herein.

55. As detailed above, Defendant Berina intended to cause a harmful and offensive contact with Mr. Garriot's body and did intentionally subject Mr. Garriott to an unwanted touching by grabbing him. Mr. Garriott did not consent (either by words, through his silence, or by his actions) to Berina's unwanted touching, and he was actually harmed and offended by the touching.

56. A reasonable person in Mr. Garriott's situation would have been offended by the touching, too.

57. Plaintiff is informed and believes and thereon alleges that all times relevant, Berina was an employee of Employer Defendants acting within the course and scope of her duties as an employee. Employer Defendants authorized Berina to come into physical contact with Mr. Garriott and for him to be in her presence and placed her in a position of power above him, knowing the likelihood that she would take advantage of that position to cause actual harm to Mr. Garriott. Employer Defendants had actual or constructive knowledge that Berina had retaliated against Mr. Garriott previously for his refusal to participate in her illegal scheme. Thus, Employer Defendants aided, abetted, and/or ratified Berina's battery after learning of it, including but not limited to allowing her to remain employed in her position without any disciplinary action at all.

58. As a proximate result of Berina's wrongful conduct, Mr. Garriott has suffered emotional and mental distress, anguish, humiliation, shame, embarrassment, fright, shock, pain, discomfort, and anxiety, in an amount according to proof at the time of trial.

59. The actions of these Defendants as alleged herein were carried out with malice, willfulness and/or reckless indifference to Mr. Garriott's rights, with full knowledge of their unlawfulness, and with the intent to deprive Mr. Garriott of rights guaranteed under the law. Mr.

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1   Garriott is entitled to punitive damages for the purpose of deterring such unlawful, malicious,

2   oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by

3   officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers,

4   directors, and/or managing agents.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(By Plaintiff Against Defendant Berina and Employer Defendants)**

60.    Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.    It is the public policy of the State of California that employees be employed under the minimum terms and conditions established by the Labor Code and applicable regulations.

62.    At all times relevant herein, Mr. Garriott was an employee of Employer Defendants.

63.    At all times relevant herein, Labor Code sections 6400, 6401, 6402, 6403, 6404, and 6406 were in full force and effect and were binding on Employer Defendants. Further, at all relevant times, Labor Code section 6406 was binding on Defendant Berina.

64.    Labor Code section 6400 provides, "Every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein."

65.    Labor Code section 6401 provides in relevant part, "Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees."

66.    Labor Code section 6402 provides, "No employer shall require, or permit an employee to go or be in any employment or place of employment which is not safe or healthful." Labor Code section 6404 provides, "No employer shall occupy or maintain any place of employment that is not safe and healthful."

67.    Labor Code section 6403 provides in relevant part that an employer must "do every other thing reasonably necessary to protect the life, safety, and health of employees."

68.    Labor Code section 6406 provides in relevant part, "No person shall...Fail or neglect to do every other thing reasonably necessary to protect the life, safety, and health of employees."

69.    In addition to their statutorily created duties, both Employer Defendants and Berina

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

owed Mr. Garriott and other employees a common law duty to use reasonable care to prevent harm to those employees, both in their actions and in their failure to act to prevent harm.

70.     Thus, Berina and Employer Defendants owed Mr. Garriott a legal duty to provide him with a safe and healthy workplace free of violence and unwanted touchings.

71.     Berina breached her duty by physically attacking Mr. Garriott. Employer Defendants breached their duty in that they knew of Berina's history of retaliating against Mr. Garriott but failed to safeguard him from any further attacks by Berina, either figuratively or to his person, including but not limited to instructing Berina not to retaliate against Mr. Garriott in any manner, including by physically attacking him, or by separating the scope of Berina's duties from those of Mr. Garriott so the two did not cross paths.

72.     Moreover, at all times relevant herein, Labor Code sections 3601 and 3602 were in full force and effect and were binding on Employer Defendants.

73.     Labor Code section 3601, subdivision (a)(1), provides that even though an employee may recover damages from his employer for the injury caused by another employee, a plaintiff may recover damages directly against the other employee, "When the injury…is proximately caused by the willful and unprovoked physical act of aggression of the other employee."

74.     Labor Code section 3602, subdivision (b)(1), provides that an employee may recover damages from his employer for the injury caused by another employee, "Where the employee's injury…is proximately caused by a willful physical assault by the employer."

75.     It is well established that physical assaults do "not stem[] from a risk reasonably encompassed within the compensation bargain" of the employment relationship, certainly not in Mr. Garriott's work environment. *Shoemaker v. Myers* (1960) 52 Cal.3d 1, 16.

76.     A reasonable person in Berina's position would not have attacked Mr. Garriott physically at work.

77.     A reasonable employer in Employer Defendants' position would have taken appropriate measures to ensure that Berina was not in a position to harm Mr. Garriott.

78.     Employer Defendants ratified Berina's act by actively destroying video evidence that the assault had occurred and by halting the investigation before any findings could be made.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 17 -
PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

79.   Mr. Garriott used a reasonable amount of care for his own safety and did not do anything to invite or to cause Berina's intentional and unwanted touching.

80.   Berina's breach and Employer Defendants' breach were the proximate causes of Mr. Garriott's resulting harm.

81.   Berina's and Employer Defendants' negligence was a substantial factor in causing Mr. Garriott harm and has resulted in damage and injury to Mr. Garriott as alleged herein.

82.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Mr. Garriott has lost and will continue to lose income and benefits in an amount to be proven at trial.

83.   As a direct and foreseeable result of the aforesaid acts of said Defendants, Mr. Garriott claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

84.   The actions of these Defendants as alleged herein were carried out with malice, willfulness and/or reckless indifference to Mr. Garriott's rights, with full knowledge of their unlawfulness, and with the intent to deprive Mr. Garriott of rights guaranteed under the law. Mr. Garriott is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers, directors, and/or managing agents.

**THIRD CAUSE OF ACTION**

**NEGLIGENT RETENTION**

**(By Plaintiff Against Employer Defendants)**

85.   Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 84, inclusive, as though fully set forth herein.

86.   At all times relevant herein, Defendants Berina and Mattera were employees of Employer Defendants, as was Rory Hoffstatter, and each was in a supervisory and/or management position and therefore an agent of Employer Defendants.

87.   Based on the above conduct, it was apparent that Berina, Mattera, and Hoffstatter were unfit for their supervisory positions, and that this unfitness created a particular risk to others.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 18.-

1   Specifically, Employer Defendants' continued employment of Berina in a supervisory position
2   allowed her to physically assault Mr. Garriott and created an environment in which Berina and
3   other employees under her supervision or control were emboldened to physically strike at and/or
4   retaliate against Mr. Garriott because of Berina's prior conduct towards Mr. Garriott. Similarly,
5   Employer Defendants' continued employment of Mattera in a supervisory position allowed her to
6   retaliate against both Mr. Garriott and Ms. Moonitz without repercussion. And Employer
7   Defendants' continued employment of Hoffstatter in a supervisory position allowed him, either
8   directly or through his direct reports, to retaliate against Mr. Garriott for doing his job.

9       88.    The unfitness of Berina, Mattera, and Hoffstatter, and each of them, caused harm to
10  Mr. Garriott.

11      89.    Employer Defendants have been on notice since at least 2017 of Berina's retaliatory
12  motive against Mr. Garriott, since at least 2022 of Mattera's retaliatory motives against Mr. Garriott
13  and Ms. Moonitz, and since at least 2023 of Hoffstatter's retaliatory motive against Mr. Garriott,
14  yet Employer Defendants have done nothing to remove Berina, Mattera, and/or Hoffstatter from
15  positions from which they could continue to retaliate against Mr. Garriott and Ms. Moonitz.

16      90.    Employer Defendants' negligence in retaining Berina was a substantial factor in
17  causing Mr. Garriot harm.

18      91.    Employer Defendants' negligence in retaining Hoffstatter was a substantial factor in
19  causing Mr. Garriot harm.

20      92.    As a direct and foreseeable result of the aforesaid acts (or inaction) of Employer
21  Defendants, Mr. Garriott has lost and will continue to lose income and benefits in an amount to be
22  proven at trial.

23      93.    As a direct and foreseeable result of the aforesaid acts (or inaction) of Employer
24  Defendants, Mr. Gárriott claims general damages for mental and emotional distress and aggravation
25  in an amount to be proven at the time of trial.

26      94.    The actions or inactions of these Defendants as alleged herein were carried out with
27  malice, willfulness and/or reckless indifference to Plaintiff's rights, with full knowledge of their
28  unlawfulness, and with the intent to deprive Plaintiff of rights guaranteed to him under the law.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers, directors, and/or managing agents.

### FOURTH CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION, IN VIOLATION OF LABOR CODE § 6310

### (By Plaintiff Against Employer Defendants)

95.     Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 94, inclusive, as though fully set forth herein.

96.     At all relevant times, Labor Code section 6310, subdivision (a), was in full force and effect and was binding on Employer Defendants. Subdivision (a)(1) provides in relevant part, "No person shall discharge or in any manner discriminated against any employee because the employee has…Made any oral or written complaint to…their employer [related to health or safety]…"

97.     Mr. Garriott complained that Berina physically attacked him and thus disturbed his safety and health in the workplace.

98.     Employer Defendants ignored Mr. Garriott's complaint, refused to comply with their own investigation policies or protocols and conduct a thorough and complete investigation, and failed or refused to discipline Berina for physically attacking Mr. Garriott in an unsolicited and unconsented to manner in the workplace.

99.     Employer Defendants discriminated against Mr. Garriott by failing to take his complaints of physical attack seriously, by failing to thoroughly and completely investigate his complaints against Berina and others who attacked him, and by continuing to investigate him with every false claim alleged against him, as described more fully herein.

100.    Defendant Berina discriminated against Mr. Garriott for his health and safety complaints against her, *inter alia*, by falsely accusing him of being incompetent at his job and falsely alleging that he would cause problems with the Union if admitted to the ViaSat area.

101.    Berina's conduct also has created an environment in which other employees have felt emboldened to physically attack Mr. Garriott, which has endangered his physical safety and

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 20 -

1    sense of well-being at work.

2    102. As a proximate result of the wrongful conduct of these Defendants, and each of them,

3    Mr. Garriott has suffered and continues to sustain actual damages including, but not limited to, loss

4    of earnings, costs of suit, and other pecuniary loss in an amount not presently ascertained, but to be

5    proven at trial.

6    103. As a further proximate result of the wrongful conduct of these Defendants, and each of

7    them, Mr. Garriott has suffered emotional and mental distress, anguish, humiliation, shame,

8    embarrassment, fright, shock, pain, discomfort, and anxiety, in an amount according to proof at the

9    time of trial.

10   104.   The actions of these Defendants as alleged herein were carried out with malice,

11   willfulness and/or reckless indifference to Mr. Garriott's rights, with full knowledge of their

12   unlawfulness, and with the intent to deprive Mr. Garriott of rights guaranteed under the law. Mr.

13   Garriott is entitled to punitive damages for the purpose of deterring such unlawful, malicious,

14   oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by

15   officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers,

16   directors, and/or managing agents.

17   ### FIFTH CAUSE OF ACTION

18   ### WHISTLEBLOWER RETALIATION, IN VIOLATION OF LABOR CODE § 1102.5(b)

19   **(By Plaintiff Against Employer Defendants)**

20   105.   Plaintiff incorporates by reference and re-alleges the allegations contained in

21   paragraphs 1 through 104, inclusive, as though fully set forth herein.

22   106.   At all relevant times, Labor Code section 1102.5, subdivision (b), was in full force

23   and effect and was binding on Employer Defendants. Subdivision (b) provides in relevant part, "An

24   employer, or any person acting on behalf of the employer, shall not retaliate against an employee

25   for disclosing information... to a person with authority over the employee or another employee who

26   has the authority to investigate, discover, or correct the violation or noncompliance... if the

27   employee has reasonable cause to believe that the information discloses a violation of state or

28   federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation,

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 21 -
PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

1  regardless of whether disclosing the information is part of the employee's job duties."

2      107.    Mr. Garriott had reasonable cause to believe that Mattera was engaged in the crime

3  of bribery/kickbacks, Penal Code section 641.3, and reported this to Maryanne Koshar and David

4  Young, persons with authority to investigate, discover, or correct the violation. Penal Code section

5  641.3 defines commercial bribery, in part, as "Any employee who solicits, accepts, or agrees to

6  accept money or any thing of value from a person other than his or her employer, other than in trust

7  for the employer, corruptly and without the knowledge or consent of the employer, in exchange for

8  using or agreeing to use his or her position for the benefit of that other person...." Mr. Garriott had

9  reasonable cause to believe that Mattera had accepted some sort of thing of value in exchange for

10  kicking back a sweetheart contract to her friend and placing his child on the Boeing payroll.

11      108.    Mr. Garriott further alleges that Mattera, while acting on behalf of Employer

12  Defendants, retaliated against him for disclosing this information to Ms. Koshar and Mr. Young.

13  Mr. Garriott's whistleblowing, which was an activity protected under the law, was a contributing

14  factor to Boeing's suspicion of him and subsequent retaliatory acts. Moreover, Mr. Garriott alleges

15  that Mattera retaliated against him by retaliating against his wife to try to pressure Mr. Garriott to

16  stop investigating her illegal and unethical conduct and to sow discord into his marriage.

17      109.    Mr. Garriott had further reasonable cause to believe that Mattera illegally interfered

18  with employees' leaves of absence, in violation of company policy and Government Code section

19  12945.2 and/or 12945.7, and he reported those violations to persons with authority to investigate,

20  discover, and/or correct the allegations.

21      110.    Mr. Garriott further alleges that Mattera, while acting on behalf of Employer

22  Defendants, retaliated against him for disclosing this information to persons with such authority,

23  and that such retaliation for Mr. Garriott's disclosure was a contributing factor to Boeing's

24  suspicion of him and to Mattera's further retaliation against Ms. Moonitz.

25      111.    Mr. Garriott also alleges he had reasonable cause to believe that Hoffstatter engaged

26  in discrimination in employment based on race, in violation of Government Code section 12940(a).

27  Mr. Garriott reported this violation to persons with the authority to investigate, discover, and/or

28  correct the violation.

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

112.    Mr. Garriott further alleges that Hoffstatter, while acting on behalf of Employer Defendants, retaliated against Mr. Garriott for disclosing this information to persons with such authority, and that Mr. Garriott's disclosure was a contributing factor to Millennium's suspicion of him and to such conduct as being placed under investigation for pretextual reasons, being falsely accused of misconduct at a meeting, being called a "fucking asshole" during a meeting with Labor Relations, and having management seek to bar him from meetings which he was entitled to attend.

113.    The above adverse employment actions were intended to intimidate and silence Mr. Garriott, to portray him as a malcontent and a bad employee, and to deny him the ability to do his job effectively.

114. As a proximate result of the wrongful conduct of these Defendants, and each of them, Mr. Garriott has suffered and continues to sustain actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

115. As a further proximate result of the wrongful conduct of these Defendants, and each of them, Mr. Garriott has suffered emotional and mental distress, anguish, humiliation, shame, embarrassment, fright, shock, pain, discomfort, and anxiety, in an amount according to proof at the time of trial.

116.    The actions of these Defendants as alleged herein were carried out with malice, willfulness and/or reckless indifference to Mr. Garriott's rights, with full knowledge of their unlawfulness, and with the intent to deprive Mr. Garriott of rights guaranteed under the law. Mr. Garriott is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers, directors, and/or managing agents.

117.    As a result of these Defendants' conduct as alleged herein, Mr. Garriott is entitled to an award of reasonable attorney's fees pursuant to Labor Code section 1102.5, subdivision (j). Mr. Garriott is further entitled to costs of suit as provided for in Code of Civil Procedure section 1021.5.

///

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

## SIXTH CAUSE OF ACTION

### INJUNCTIVE RELIEF/DECLARATORY JUDGMENT

### (By Plaintiff Against Employer Defendants)

118.   Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 117, inclusive, as though fully set forth herein.

119.   California Labor Code section 1102.5 "reflects the broad public policy interest in encouraging workplace whistle-blowers to report unlawful acts without fearing retaliation." *Green v. Ralee Eng'g Co.* (1998) 19 Cal.4th 66, 77 (affirmed by *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, 709).

120.   An actual controversy has arisen and now exists between Plaintiff and Employer Defendants concerning the parties' respective rights and duties, as it is believed that Employer Defendants may contend that they did not retaliate against Mr. Garriott because Mr. Garriott blew the whistle on what he reasonably believed was illegal conduct. Plaintiff, by contrast, alleges that Employer Defendants did in fact retaliate against him for his whistleblowing activity. Plaintiff therefore is informed and believes, and on that basis alleges, that Employer Defendants will dispute Plaintiff's whistleblower retaliation causes of action.

121.   Pursuant to California Code of Civil Procedure section 1060, Plaintiff seeks a judicial determination of Plaintiff's rights and Employer Defendants' duties, and a declaration that Employer Defendants retaliated against Plaintiff because of his protected whistleblowing activity. In so doing, Plaintiff seeks a judicial determination and declaration that Employer Defendants' retaliation against him for his whistleblowing activities was a contributing factor in the decisions to take adverse employment actions against him.

122.   Pursuant to California Labor Code sections 1102.61 and 1102.62, Plaintiff petitions the Court for injunctive relief until a judicial determination has been issued, or at a time certain set by the Court, to enjoin Employer Defendants from further retaliating against Plaintiff for his protected whistleblower activity.

123.   A judicial determination is necessary and appropriate so that Plaintiff, on his own behalf and on behalf of other employees in the State of California, and in conformity with the public

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 24 -

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1   policy of the State, may obtain a judicial declaration of Employer Defendants' wrongdoing and to

2   prospectively condemn such retaliatory employment policies and/or practices.

3       124.   A judicial determination also is necessary and appropriate so that Employer

4   Defendants may be aware of their obligations under the law to not retaliate against employees who

5   blow the whistle on what the employees reasonably believe is a violation of state or federal statute

6   or a violation of or noncompliance with a local, state, or federal rule or regulation. Such relief is

7   necessary because other employees of Employer Defendants will be irreparably harmed if the

8   above-described retaliation is allowed to continue.

9       125.   Plaintiff is entitled to recover prevailing party reasonable attorney's fees pursuant to

10  Labor Code section 1102.5, subdivision (j), to redress, prevent, or deter retaliation.

11                          **SEVENTH CAUSE OF ACTION**

12                             **DEFAMATION PER SE**

13                        **(By Plaintiff Against All Defendants)**

14      126.   Plaintiff incorporates by reference and re-alleges the allegations contained in

15  paragraphs 1 through 125, inclusive, as though fully set forth herein.

16      127.   Defendants and/or their agents or employees made intentionally false statements of

17  fact to other individuals, which tended to injure Plaintiff directly in his occupation, including but

18  not limited to such things as that Plaintiff was incompetent at his job, that Plaintiff supposedly had

19  physically threatened his coworkers, that Plaintiff supposedly had engaged in false hiring practices,

20  that Plaintiff would cause trouble if allowed access to the ViaSat area, and that Plaintiff had

21  engaged in misconduct at a company meeting.

22      128.   Defendants and/or their agents or employees made false and libelous and/or

23  slanderous accusations, impugning Plaintiff's honesty, integrity, and competence in his occupation,

24  despite knowing the statements were false.

25      129.   Such libelous and/or slanderous publications were republished multiple times over

26  by Defendants and/or their agents or employees.

27      130.   When Defendants made the aforementioned statements, Defendants deliberately and

28  intentionally communicated false and damaging statements, knowing that such statements would

- 25 -

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

1  seriously injure Plaintiff's reputation and his ability to earn a living.

2      131.    The defamatory statements were understood to be assertions of fact, not opinion.

3      132.    Within one year of the date this lawsuit was filed, Plaintiff has been or will have
4  been forced to self-publish the false and defamatory reason(s) he was disciplined either to
5  prospective employers (who, as a matter of course, asked or will ask about Plaintiff's employment
6  with Employer Defendants), or within Employer Defendants themselves. At the time they were
7  made, it was reasonably foreseeable that the defamatory statements would be repeated to
8  prospective employers or internally within Employer Defendants.

9      133.    Each of these false defamatory per se publications were negligently, recklessly, and
10  intentionally published in a manner equaling malice and abuse of any alleged conditional privilege
11  (which Plaintiff denies existed), since the publications, and each of them, were made with hatred,
12  ill will, and an intent to vex, harass, annoy, and injure Plaintiff to justify the illegal and cruel
13  actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and
14  personal reputations, to cause Plaintiff to be disciplined, or to justify disciplining Plaintiff.

15      134.    Defendants, and each of them, lacked reasonable ground for belief in the truth of the
16  defamatory statements and thereafter acted in reckless disregard of Plaintiff's rights.

17      135.    The above complained-of publications by all Defendants, and each of them, were
18  made with hatred and ill will towards Plaintiff and with the design and intent to injure Plaintiff,
19  Plaintiff's good name, his reputation, his employment, and/or his employability. Defendants, and
20  each of them, published these statements, not with an intent to protect any interest intended to be
21  protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff
22  and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from
23  liability for any of these publications or republications.

24      136.    Plaintiff is informed, believes, and fears that these false and defamatory per se
25  statements will continue to be published by Defendants, and each of them, and will be foreseeably
26  republished by their recipients, all to the ongoing harm and injury to Plaintiff's professional and/or
27  personal reputation. Plaintiff also seeks redress in this action for all foreseeable republications,
28  including his own compelled self-publication of these defamatory statements.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

- 26 -

137.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment and retirement benefits, all to his damage, in an amount according to proof.

138.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, and mental anguish, all to his damage, in an amount according to proof.

139.    The actions or inactions of these Defendants as alleged herein were carried out with malice, willfulness and/or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and with the intent to deprive Plaintiff of rights guaranteed to him under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers, directors, and/or managing agents.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (By Plaintiff Against All Defendants)

140.    Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 139, inclusive, as though fully set forth herein.

141.    Berina's acts alleged herein, including a physical assault on the workplace floor and subsequent efforts to prevent Mr. Garriott from earning a living in direct retaliation for complaining about the physical assault, were extreme and outrageous and done with the intent of causing Mr. Garriott to suffer extreme emotional distress. Such conduct has indeed caused Mr. Garriott to suffer severe mental anguish and emotional distress.

142.    Mattera's acts alleged herein, including her ongoing campaign to retaliate against Mr. Garriott and his wife despite numerous investigations proving her accusations against Plaintiff and his wife to be false, and in the face of multiple direct instructions to leave Mr. Garriott alone in particular, were extreme and outrageous and done with the intent of causing Plaintiff to suffer extreme emotional distress. Such conduct indeed caused Plaintiff to suffer severe mental anguish

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1   and emotional distress.

2   143.   Hoffstatter's acts alleged herein, including an ongoing campaign of harassing

3   complaints, false CI investigations, and harassing conduct by Hoffstatter's subordinates, were

4   extreme and outrageous and done with the intent of causing Plaintiff to suffer extreme emotional

5   distress. Such conduct has indeed caused Plaintiff to suffer severe mental anguish and emotional

6   distress.

7   144.   As a direct and proximate result of the actions of Berina, Mattera, Hoffstatter, and

8   other employees of Employer Defendants, Plaintiff has suffered and will continue to suffer extreme

9   and severe mental anguish and emotional distress, in an amount to be proven at trial.

10   145.   The actions or inactions of these Defendants as alleged herein were carried out with

11   malice, willfulness and/or reckless indifference to Plaintiff's rights, with full knowledge of their

12   unlawfulness, and with the intent to deprive Plaintiff of rights guaranteed to him under the law.

13   Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious,

14   oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by

15   officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers,

16   directors, and/or managing agents.

**PRAYER FOR RELIEF**

17   WHEREFORE, Plaintiff prays for judgment as follows:

18   1.   For an award of general damages in an amount to be proven at trial;

19   2.   For an award of special damages in an amount to be proven at trial, including past and

20   future lost income and benefits and interest thereon;

21   3.   For an award of punitive damages in an amount appropriate to punish Defendants and to

22   make an example of Defendants to the community;

23   4.   For pre-judgment interest at the prevailing legal rate;

24   5.   For declaratory and injunctive relief, including but not limited to an order requiring

25   Defendants to immediately comply with all local, State, and federal laws, rules, and/or

26   regulations regarding retaliation against employees for engaging in protected whistleblowing

27   activities;

28

- 28 -

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

6.   For reasonable attorney's fees and costs; and

7.   For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on the claims so triable.

Dated:  April 30, 2024                    SANSANOWICZ LAW GROUP, P.C.
                                          M LAW ATTORNEYS, APC

                                    By
                                          Leonard H. Sansanowicz, Esq.
                                          Narak Mirzae, Esq.
                                          Attorneys for Plaintiff Craig M Garriott

- 29 -

PLAINTIFF'S *AMENDED* COMPLAINT FOR DAMAGES

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

# EXHIBIT A

**TOLLING AGREEMENT**

This Tolling Agreement ("Agreement") is made and entered into as of October 5, 2023 ("Effective Date"), by and between Craig Garriott and Kathy Garriott (collectively, "Plaintiffs") and The Boeing Company ("Boeing"), Millennium Space Systems, Inc., Jennifer Burina, Nina Matera, and Calinda Starr (collectively, "Defendants").

WHEREAS, a dispute has arisen between Plaintiffs and Defendants;

WHEREAS, Plaintiffs forwarded correspondence to Defendant Boeing about the dispute, including draft complaints to be filed by Craig Garriott and Kathy Garriott should the parties not agree to resolve their disputes informally, and Boeing received such correspondence on April 14, 2023;

WHEREAS, Plaintiffs and Defendants have been involved in discussions and negotiations to potentially resolve the dispute without the necessity and expense of litigation;

WHEREAS, the discussions between Plaintiffs and Defendants will not be concluded before the expiration of the statute of limitations of at least some of Plaintiffs' rights;

WHEREAS, the Parties have now agreed to private mediation, which will take place on November 16, 2023, or a date shortly thereafter (pending the mediator's availability);

WHEREAS, the Parties wish to allow sufficient time for the mediation and any post-mediation discussions and/or negotiations to take place before Plaintiffs file their civil actions;

WHEREAS, by entering into this Agreement, Defendants do not intend to resurrect any claims that are time-barred prior to the Effective Date of this Agreement.

THEREFORE, Plaintiffs and Defendant agree by and through their counsel to toll any applicable statute of limitations from the Effective Date of this Agreement until sixty (60) days after the mediation (the "Tolling Period"), to allow the Parties to continue discussions and negotiations and possibly resolve the dispute before Plaintiffs file civil lawsuits. The terms and conditions of the Agreement are as follows:

**1. Scope of Agreement/No Admission of Liability**. This Agreement operates to toll any and all statutes of limitations and time constraints imposed by law on Plaintiffs' claims during the Tolling Period. This Agreement shall not be construed as an admission of liability or be offered in evidence in any proceeding other than to prove that any applicable statute of limitations were tolled during the Tolling Period.

**2. Tolling Period.** This Agreement shall be in effect from the "Effective Date" through and including the sixtieth (60th) day after mediation (the "Tolling Period"), all applicable statutes of limitations that were viable as of the commencement of the Tolling Period shall be tolled and suspended.

**3. Waiver During Tolling Period.** Defendants hereby waive any applicable statute of limitations defenses that would otherwise arise during the Tolling Period. Defendants do not waive any statute of limitations defense, or any other claims or defenses available prior to the Tolling Period or after the Tolling Period expires.

**4. Action Initiated During Tolling Period.** During the Tolling Period, Plaintiffs may file complaints or initiate any other legal proceeding against Defendants relating to Plaintiffs' employment.

**5. Termination Before Expiration Date.** Defendants may terminate this Agreement at any time by providing a notice of intent to terminate in writing, sent via email and via overnight delivery service to Plaintiffs' counsel. The termination date shall be 30 days from the date of the notice of intent.

**6. Substantive Law.** This Agreement shall be interpreted in accordance with the substantive law of the State of California, without application of choice of law rules.

**7. Copies of Tolling Agreement Valid.** This Agreement may be executed in one or more original or counterparts. A signed document transmitted via facsimile or email shall be valid.

Dated: _____October 9, 2023_____

SANSANOWICZ LAW GROUP, P.C.
M LAW ATTORNEYS, APC

Leonard H. Sansanowicz, Esq.
Narak Mirzaie, Esq.
Attorneys for Plaintiffs Craig and Kathy Garriott

Dated: October 9, 2023

OGLETREE DEAKINS

Betsy Johnson, Esq.
Catherine L. Hazany, Esq.
Tara Mohseni, Esq.
Attorneys for Defendants The Boeing Company,
Millennium Space Systems, Inc., Jennifer Burina,
Nina Matera, and Calinda Starr

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| Leonard H. Sansanowicz, Esq.          SBN: 255729 <br> SANSANOWICZ LAW GROUP, P.C. <br> 21031 Ventura Boulevard, Suite 701, Woodland Hills, CA 91364 <br> TELEPHONE NO.: (818) 639-8510          FAX NO.: (818) 639-8511 <br> EMAIL ADDRESS: leonard@law-slg.com <br> ATTORNEY FOR *(Name):* PLAINTIFF CRAIG M GARRIOTT | Electronically FILED by <br> Superior Court of California, <br> County of Los Angeles <br> 4/11/2024 8:56 AM <br> David W. Slayton, <br> Executive Officer/Clerk of Court, <br> By S. Bolden, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Craig Garriott v. The Boeing Company et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $35,000) | [ ] Limited <br> (Amount <br> demanded <br> is $35,000 or less) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 24STCV09031 <br> JUDGE Bruce G. Iwasaki <br> DEPT: 58 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 10, 2024
Leonard H. Sansanowicz, Esq.
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.   Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Craig M. Garriott v. The Boeing Company et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE Craig M. Garriott v. The Boeing Company et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE Craig M. Garriott v. The Boeing Company et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation  Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE Craig M. Garriott v. The Boeing Company et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Craig M. Garriott v. The Boeing Company et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 1950 E. Imperial Highway |

| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: April 10, 2024

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>04/11/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ R. Lee _____ Deputy |
| PLAINTIFF:<br>Craig M Garriott | |
| DEFENDANT:<br>The Boeing Company, et al. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24STCV09031 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/26/2024 | Time: 8:30 AM | Dept.: 58 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/11/2024 _____                    _____
                                                                                            Judicial Officer
                                                                                            Bruce G. Iwasaki / Judge

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Leonard H. Sansanowicz
21031 Ventura Boulevard Suite 701
Woodland Hills, CA 91364

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/11/2024 _____                    By R. Lee _____
                                                                              Deputy Clerk

| LASC LACIV 132 Rev. 01/23<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter 7KUHH |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/11/2024<br>David W. Slayton Executive Officer / Clerk of Court<br>By: _____ R. Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Craig M Garriott | |
| DEFENDANT/RESPONDENT:<br>The Boeing Company, et al. | |
| CERTIFICATE OF MAILING | CASE NUMBER:<br>24STCV09031 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Leonard H. Sansanowicz       ✓
21031 Ventura Boulevard Suite 701
Woodland Hills, CA 91364

Narak Mirzaie
M Law Attorneys, APC
P.O. Box 60091
Pasadena, CA 91102

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>04/11/2024</u>

By: <u>  R. Lee  </u>
       Deputy Clerk

**CERTIFICATE OF MAILING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/10/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV09031 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Bruce G. Iwasaki | 58 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on _04/10/2024_____            By _Y. Tarasyuk_____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)            **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 03/23
For Mandatory Use

Page 1 of 2

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept.** Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/11/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Lee _____ Deputy

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):
Craig M Garriott

DEFENDANT(S):
The Boeing Company, et al.

| ORDER TO SHOW CAUSE HEARING | CASE NUMBER: 24STCV09031 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>09/26/2024</u> at <u>8:30 AM</u> in department <u>58</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✓]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>04/11/2024</u>

_____
Bruce G. Iwasaki / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/11/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: R. Lee Deputy |
| PLAINTIFF/PETITIONER:<br>Craig M Garriott | |
| DEFENDANT/RESPONDENT:<br>The Boeing Company, et al. | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>24STCV09031 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Leonard H. Sansanowicz
21031 Ventura Boulevard Suite 701
Woodland Hills, CA 91364

Narak Mirzaie
M Law Attorneys, APC
P.O. Box 60091
Pasadena, CA 91102

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/11/2024

By: R. Lee
Deputy Clerk

**CERTIFICATE OF MAILING**

POS-015

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Leonard H. Sansanowicz, Esq.          SBN: 255729<br>SANSANOWICZ LAW GROUP, P.C<br>21031 Ventura Boulevard, Suite 701<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 639-8510          FAX NO. *(Optional):* (818) 639-8511<br>E-MAIL ADDRESS *(Optional):* leonard@law-slg.com<br>ATTORNEY FOR *(Name):* PLAINTIFF CRAIG M GARRIOTT | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Craig M. Garriott

DEFENDANT/RESPONDENT: The Boeing Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>24STCV09031 |
|---|---|

TO *(insert name of party being served):* NINA MATTERA, an individual

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 9, 2024

Leonard H. Sansanowicz, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐  A copy of the summons and of the complaint.
2. ☒  Other *(specify):* (1) Summons; (2) First Amended Complaint; (3) Civil Case Cover Sheet and Addendum; (4) Notice of Case Management Conference; (5) Notice of Case Assignment; (6) Alternative Dispute Resolution Packet; (7) Order to Show Cause Hearing re: Proof of Service; (8) Preservation of Evidence Letter dated April 12, 2023; (9) Preservation of Evidence Letter dated May 2, 2024

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Leonard H. Sansanowicz, Esq.          SBN: 255729<br>SANSANOWICZ LAW GROUP, P.C<br>21031 Ventura Boulevard, Suite 701<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 639-8510    FAX NO. *(Optional):* (818) 639-8511<br>E-MAIL ADDRESS *(Optional):* leonard@law-slg.com<br>ATTORNEY FOR *(Name):* PLAINTIFF CRAIG M GARRIOTT | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Craig M. Garriott

DEFENDANT/RESPONDENT: The Boeing Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>24STCV09031 |
|---|---|

TO *(insert name of party being served):* JENNIFER BERINA-BUELNA, an individual

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 9, 2024

Leonard H. Sansanowicz, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* (1) Summons; (2) First Amended Complaint; (3) Civil Case Cover Sheet and Addendum; (4) Notice of Case Management Conference; (5) Notice of Case Assignment; (6) Alternative Dispute Resolution Packet; (7) Order to Show Cause Hearing re: Proof of Service; (8) Preservation of Evidence Letter dated April 12, 2023; (9) Preservation of Evidence Letter dated May 2, 2024

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

# EXHIBIT 2

| | |
|---|---|
| **From:** | cscmattermanagement@cscglobal.com |
| **Sent:** | Wednesday, May 8, 2024 10:40 AM |
| **To:** | Mintzlaff (US), Richell L; Wakiya (US), Emi; Hirokawa (US), Janel A; Krubski (US), Barbara; Peles-Gray (US), Tal; Hazany, Catherine (Catie) L.; Castaneda, Margaret C. |
| **Subject:** | [EXTERNAL] New Service of Process - Summons and Amended Complaint - Transmittal: 29067761 |

EXT email: be mindful of links/attachments.

## New Service of Process Added to Matter Notification

*This message is an alert only. Please do not reply to this message.*
*The following new Document(s) have been added to the following matter.*

Alert Date: 05/08/2024

**Assigned Document(s):**

| | |
|---|---|
| **Document ID:** | 41716095 (View/Share the Document) |
| **Document Title :** | Summons and Amended Complaint |
| **Answer Date :** | 30 |
| **Entity as Established :** | The Boeing Company |
| **Date Served :** | 05/07/2024 |
| **CSC Doc type :** | Summons and Amended Complaint |
| **Court :** | Los Angeles County Superior Court |
| **State Served :** | California |
| **Document is Time Sensitive :** | |
| **Document is Service Of Process :** | Yes |

**Matter Information:**

14014928

**Matter ID:** 14014928 (Go to Matter Detail Folders)
**Matter Id :**
**Matter Full Name :**                     Craig Garriott v. The Boeing Company
**Jurisdiction :**
**Court :**                     Los Angeles County Superior Court
**Cause # :**
**Nature of Case :**
**Matter Users:**
Richell Mintzlaff MC5003-1001 richell.l.mintzlaff@boeing.com
Tal T. Peles-Gray tal.peles-gray@boeing.com
Barbara Krubski barbara.krubski@boeing.com
Emi Wakiya emi.wakiya@boeing.com
Janel Hirokawa janel.a.hirokawa@boeing.com
Catherine Hazany catherine.hazany@ogletree.com
Margaret Castaneda margaret.castaneda@ogletree.com

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services.

**251 Little Falls Drive | Wilmington, DE 19808**
**(800) 490-9035  |  MMSupport@cscglobal.com**

# EXHIBIT 3

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Leonard H. Sansanowicz, Esq.        SBN: 255729
SANSANOWICZ LAW GROUP, P.C
21031 Ventura Boulevard, Suite 701
Woodland Hills, CA 91364
TELEPHONE NO.: (818) 639-8510        FAX NO. *(Optional):* (818) 639-8511
E-MAIL ADDRESS *(Optional):* leonard@law-slg.com
ATTORNEY FOR *(Name):* PLAINTIFF CRAIG M GARRIOTT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA  90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Craig M. Garriott

DEFENDANT/RESPONDENT: The Boeing Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 24STCV09031 |
|---|---|

TO *(insert name of party being served):* NINA MATTERA, an individual

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 9, 2024

Leonard H. Sansanowicz, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐        A copy of the summons and of the complaint.
2. ☒  Other *(specify):* (1) Summons; (2) First Amended Complaint; (3) Civil Case Cover Sheet and Addendum; (4) Notice of Case Management Conference; (5) Notice of Case Assignment; (6) Alternative Dispute Resolution Packet; (7) Order to Show Cause Hearing re: Proof of Service; (8) Preservation of Evidence Letter dated April 12, 2023; (9) Preservation of Evidence Letter dated May 2, 2024

*(To be completed by recipient):*

Date this form is signed: May 20, 2024

Catherine L. Hazany
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Attorneys for Defendant Nina Mattera

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

# PROOF OF SERVICE
*Craig M Garriott v. The Boeing Company, et al.*
Case No. 24STCV09031

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made.  My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, CA 90502.

On **May 20, 2024**, I served the following document(s):

**DEFENDANT NINA MATTERA'S ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Torrance, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 20, 2024,** at Torrance, California.

CAROLINA MARTIS

1

## SERVICE LIST

2

3  Leonard H. Sansanowicz, Esq.              Attorneys for Plaintiff
   SANSANOWICZ LAW GROUP, P.C.               CRAIG M GARRIOTT
4  21031 Ventura Blvd., Suite 701
   Woodland Hills, CA  91364
5  Tel:    (818) 639-8510
   Fax:    (818) 639-8511
6  Email: leonard@law-slg.com

7  Narak Mirzaie, Esq.                       Attorneys for Plaintiff
   M LAW ATTORNEYS, APC                      CRAIG M GARRIOT
8  P.O. BOX 60091
   Pasadena, CA  91102
9  Tel:    (626) 626-4422
   Fax:    (626) 626-4420
10 Email: nm@mlawattorneys.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POS-015**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Leonard H. Sansanowicz, Esq.          SBN: 255729<br>SANSANOWICZ LAW GROUP, P.C<br>21031 Ventura Boulevard, Suite 701<br>Woodland Hills, CA 91364<br>TELEPHONE NO.: (818) 639-8510          FAX NO. *(Optional)*: (818) 639-8511<br>E-MAIL ADDRESS *(Optional):* leonard@law-slg.com<br>ATTORNEY FOR *(Name):* PLAINTIFF CRAIG M GARRIOTT | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles CA  90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER:  Craig M. Garriott

DEFENDANT/RESPONDENT: The Boeing Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>24STCV09031 |
|---|---|

TO *(insert name of party being served):* JENNIFER BERINA-BUELNA, an individual

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 9, 2024

_____
Leonard H. Sansanowicz, Esq.
(TYPE OR PRINT NAME)                    ▶  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* (1) Summons; (2) First Amended Complaint; (3) Civil Case Cover Sheet and Addendum; (4) Notice of Case Management Conference; (5) Notice of Case Assignment; (6) Alternative Dispute Resolution Packet; (7) Order to Show Cause Hearing re: Proof of Service; (8) Preservation of Evidence Letter dated April 12, 2023; (9) Preservation of Evidence Letter dated May 2, 2024

*(To be completed by recipient):*

Date this form is signed: May 20, 2024

_____
Catherine L. Hazany
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Attorneys for Defendant Jennifer Berina-Buelna

▶  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]          **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**          Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

**PROOF OF SERVICE**
*Craig M Garriott v. The Boeing Company, et al.*
Case No. 24STCV09031

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made.  My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, CA 90502.

On **May 20, 2024**, I served the following document(s):

**DEFENDANT JENNIFER BERINA-BUELNA'S ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Torrance, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 20, 2024,** at Torrance, California.

_____
CAROLINA MARTIS

## <u>SERVICE LIST</u>

Leonard H. Sansanowicz, Esq.                    Attorneys for Plaintiff
SANSANOWICZ LAW GROUP, P.C.        CRAIG M GARRIOTT
21031 Ventura Blvd., Suite 701
Woodland Hills, CA 91364
Tel:    (818) 639-8510
Fax:    (818) 639-8511
Email: leonard@law-slg.com

Narak Mirzaie, Esq.                                      Attorneys for Plaintiff
M LAW ATTORNEYS, APC                      CRAIG M GARRIOT
P.O. BOX 60091
Pasadena, CA 91102
Tel:    (626) 626-4422
Fax:    (626) 626-4420
Email: nm@mlawattorneys.com

# EXHIBIT 4

Catherine L. Hazany, CA Bar No. 229095
catherine.hazany@ogletree.com
Margaret C. Castaneda, CA Bar No. 311670
margaret.castaneda@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**
19191 S. Vermont Avenue, Suite 950
Torrance, CA  90502
Telephone:     310-217-8191
Facsimile:      310-217-8184

Attorneys for Defendants THE BOEING
COMPANY, MILLENNIUM SPACE
SYSTEMS, INC, JENNIFER BERINA-
BUELNA and NINA MATTERA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| CRAIG M GARRIOTT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE BOEING COMPANY, a Delaware corporation, MILLENNIUM SPACE SYSTEMS, INC., a Delaware corporation, JENNIFER BERINA-BUELNA, an individual, NINA MATTERA, an individual, and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No. 24STCV09031<br><br>[Assigned for all purposes to The Honorable Bruce G. Iwasaki, Dept. 58]<br><br>**DEFENDANTS THE BOEING COMPANY, MILLENNIUM SPACE SYSTEMS, INC., JENNIFER BERINA-BUELNA, AND NINA MATTERA'S ANSWER TO PLAINTIFF CRAIG M. GARRIOTT'S FIRST AMENDED COMPLAINT**<br><br><br>Action Filed:     April 10, 2024<br>Trial Date:       Not Set |

**TO THE COURT, PLAINTIFF CRAIG GARRIOTT, AND HER ATTORNEYS OF RECORD:**

Defendants The Boeing Company (Boeing), Millennium Space Systems, Inc. (MSS), Jennifer Berina-Buelna, and Nina Mattera (collectively, "Defendants") hereby answer the First Amended Complaint ("FAC") filed by Craig Garriott ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of section 431.30 of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation contained in the Complaint, and further deny that Plaintiff has sustained damages in the sum or manner alleged, or in any other sum or manner whatsoever, and deny that Plaintiff is entitled to damages or to any other relief whatsoever by reason of any alleged acts and/or omissions of Defendants or any of Defendants' current or former employees or agents.

Defendants also give notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses, based on such investigation and discovery.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers and defenses, Defendants assert the following affirmative defenses to Plaintiff's FAC.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the FAC fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants or any of them.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, by

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

2

one or more of the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, and 340, and California Labor Code section 203. Plaintiff failed to assert the claims within his FAC within the time limits prescribed by law and/or as required by the collective bargaining agreement between Plaintiff and Boeing/MSS.

## THIRD AFFIRMATIVE DEFENSE

### (Preemption)

Defendants allege that the Complaint is barred because it is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a), and requires interpretation of a collective bargaining agreement between the Union and Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, because Plaintiff through his actions and representations, led Defendants to believe that they were and are in full compliance with all obligations to their employees.

## FIFTH AFFIRMATIVE DEFENSE

### (All Obligations Performed)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the FAC is barred, in whole or in part, because Defendants Boeing and MSS have fully and/or substantially performed any and all obligations it may have had to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Management Rights)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the Plaintiff's claims are barred, in whole or in part, the grounds that the Defendants acted consistent with management rights clause(s) in the collective bargaining agreement between the Plaintiff and Defendants Boeing and MSS.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, by the doctrine of laches, including, but not limited to, because Plaintiff unreasonably delayed bringing the claims alleged in Plaintiff's Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Improper Jurisdiction)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the FAC is barred, in whole or in part, because jurisdiction in this Court is improper. The FAC must be adjudicated in the appropriate federal court.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege Plaintiff's claims fail to the extent they lack subject matter jurisdiction.

**TENTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the FAC, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by res judicata and/or collateral estoppel, including, but not limited to, due to proceedings/ grievances/investigations that Plaintiff was involved in before other tribunals, state agencies, or venues.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Same Claims)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that Plaintiff is barred to the extent that the same or similar claims are governed by orders, awards, or judgments issued in any other judicial, administrative, or arbitral forum.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, by the unclean hands and/or inequitable or wrongful conduct of Plaintiff including, but not limited to, because Plaintiff failed to comply with Defendants' policies and practices.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned, including, but not limited to, because Plaintiff acted in such a manner as to evince an intent to relinquish any claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver & Release)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, to the extent that Plaintiff has released and/or waived some or all of his claims against Defendants

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that Plaintiff failed to exercise due diligence in an effort to mitigate any damages allegedly incurred, including, but not limited to, by timely notifying Defendants regarding any adverse employment action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege, based on information and belief, that if Plaintiff is entitled to any damages (which Defendants specifically deny), Defendants are entitled under the equitable

doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff to Defendants against any judgment that may be entered against Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that, to the extent that Plaintiff was harmed in any way (which Defendants specifically deny), the damages of Plaintiff are *de minimis* and, thus, not legally cognizable or not capable of determination.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that Plaintiff unreasonably failed to make use of Defendants' practices or procedures by failing to timely and properly report any purportedly unlawful acts and/or omissions alleged in the FAC.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that Plaintiff's claims against Defendants are barred, in whole or in part, to the extent Plaintiff failed to exhaust all administrative remedies, including but not limited to by failing to comply with California Labor Code section 2698 et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that Plaintiff consented and agreed to the conduct about which he now complains, including, but not limited to, by reviewing and signing his acknowledgment to all of

1  Defendants' workplace policies, including without limitation, the collective bargaining agreement

2  between the parties and to any alleged altercations with Defendants Mattera and/or Berina-Buelna.

3  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

4  ### (Collective Bargaining Agreement(s))

5  As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged

6  therein, Defendants allege that Plaintiff's employment relationship with Boeing and/or MSS is and

7  at all times was governed by one or more collective bargaining agreements. Therefore, Defendants

8  are subject to specific defenses and exemptions based on these collectively-bargained contracts.

9  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

10  ### (Civil Code Section 47(c))

11  As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged

12  therein, Defendants allege that all communications by Defendants are privileged and subject to the

13  common-interest privilege of Civil Code Section 47(c).

14  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

15  ### (Truth)

16  As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged

17  therein, Defendants allege that all communications by Defendants were true.

18  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

19  ### (Mixed Motive)

20  As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged

21  therein, Defendants allege that in the event Plaintiff proves any wrongful acts by Defendants, all of

22  which Defendants deny, the adverse employment actions about which Plaintiff complains would

23  have been the same even if the alleged wrongful motive played no role. (Harris v. City of Santa

24  Monica (2013) 56 Cal.4th 203, 241.)

25  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26  ### (Same Decision-Labor Code Section 1102.6)

27  As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged

28  therein, Defendants allege that Plaintiff is not entitled to any damages because the same decision(s)

Ogletree, Deakins,
Nash, Smoak &
Stewart, P.C.

DEFENDANTS' ANSWER TO PLAINTIFF CRAIG M. GARRIOTT'S FIRST AMENDED COMPLAINT

would have been made for non-retaliatory reasons. (*Ververka v. Department of Veterans Affairs*, CA1/1 A163571, filed 5/6/24, pub. 5/22/24.)

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that Plaintiff's claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that any recovery on Plaintiff's FAC, or any cause of action alleged therein, is barred in whole or in part by Plaintiff's comparative fault.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that the liability of Defendants and all responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability, if any, of Defendants should be reduced accordingly.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Conduct of Other Parties)

As a separate and affirmative defense to Plaintiff's FAC and to each cause of action alleged therein, Defendants allege that Defendants are informed and believe, and thereon allege, that any damages allegedly incurred by Plaintiff as a result of Defendants' acts, errors, representations or omissions were caused or contributed to in whole or in part by the acts, errors, representations and/or omissions of persons other than Defendants, and Plaintiff's recovery, if any, should be exclusively against such others and not against Defendants.

1

**RESERVATION OF RIGHTS**

2    Defendants reserves the right to assert any additional defenses and matters in avoidance that

3  may be disclosed during the course of additional investigation and discovery, when and if the same

4  have been ascertained.

5

**PRAYER**

6    WHEREFORE, Defendants pray for judgment as follows:

7    1.    That Plaintiff's Complaint be dismissed with prejudice and in its entirety;

8    2.    That Plaintiff takes nothing by this action;

9    3.    That judgment be entered against Plaintiff and in favor of Defendants on all causes

10         of action asserted in the Complaint;

11    4.    That Defendants be awarded all costs and attorneys' fees incurred in defending this

12         action; and

13    5.    That Defendants be granted such other and further relief as the Court may deem just

14         and proper.

15

16

17  DATED:  June 4, 2024

          OGLETREE, DEAKINS, NASH, SMOAK &
          STEWART, P.C.

18

19

20

          By: _____

21        Catherine L. Hazany
          Margaret C. Castaneda

22

          Attorneys for Defendants THE BOEING
23        COMPANY, MILLENNIUM SPACE
          SYSTEMS, INC, JENNIFER BERINA-
24        BUELNA and NINA MATTERA

25

26

27

28

# PROOF OF SERVICE

*Craig M Garriott v. The Boeing Company, et al.*
Case No. 24STCV09031

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made.  My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, CA 90502.

On **June 4, 2024**, I served the following document(s):

**DEFENDANTS THE BOEING COMPANY, MILLENNIUM SPACE SYSTEMS, INC., JENNIFER BERINA-BUELNA, AND NINA MATTERA ANSWER TO PLAINTIFF CRAIG M. GARRIOTT'S FIRST AMENDED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Torrance, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 4, 2024,** at Torrance, California.

_____
CAROLINA MARTIS

## SERVICE LIST

| | |
|---|---|
| Leonard H. Sansanowicz, Esq.<br>SANSANOWICZ LAW GROUP, P.C.<br>21031 Ventura Blvd., Suite 701<br>Woodland Hills, CA  91364<br>Tel:    (818) 639-8510<br>Fax:    (818) 639-8511<br>Email: leonard@law-slg.com | Attorneys for Plaintiff<br>CRAIG M GARRIOTT |
| Narak Mirzaie, Esq.<br>M LAW ATTORNEYS, APC<br>P.O. BOX 60091<br>Pasadena, CA  91102<br>Tel:    (626) 626-4422<br>Fax:    (626) 626-4420<br>Email: nm@mlawattorneys.com | Attorneys for Plaintiff<br>CRAIG M GARRIOT |

# EXHIBIT 5

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Catherine L. Hazany, SBN 229095; Margaret C. Castaneda, SBN 311670
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
19191 S. Vermont Ave., Suite 950
Torrance, CA 90502

TELEPHONE NO.: 310-217-8191          FAX NO. *(Optional):* 310-217-8184
E-MAIL ADDRESS *(Optional):* catherine.hazany@ogletree.com
ATTORNEY FOR *(Name):* **Defs. The Boeing Company, Millennium Space Systems, Inc., Jennifer Berina-Buelna and Nina Mattera**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Craig M. Garriott

DEFENDANT/RESPONDENT: The Boeing Company, et al.

| **NOTICE OF RELATED CASE** | |
|---|---|

CASE NUMBER:
24STCV09031

JUDICIAL OFFICER:
Hon. Bruce G. Iwasaki

DEPT.:
58

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. Title: Kathy Moonitz v. The Boeing Company, et al.

    b. Case number: 24STCV09122

    c. Court: ☒   same as above

       ☐   other state or federal court *(name and address):*

    d. Department: 71

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: April 11, 2024

    g. Has this case been designated or determined as "complex?"   ☐   Yes   ☒   No

    h. Relationship of this case to the case referenced above *(check all that apply):*

       ☐   involves the same parties and is based on the same or similar claims.

       ☒   arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

       ☐   involves claims against, title to, possession of, or damages to the same property.

       ☐   is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐   Additional explanation is attached in attachment 1h

    i. Status of case:

       ☒   pending

       ☐   dismissed ☐ with ☐ without prejudice

       ☐   disposed of by judgment

2.  a. Title:

    b. Case number:

    c. Court: ☐   same as above

       ☐   other state or federal court *(name and address):*

    d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
*www.courtinfo.ca.gov*

CM-015

| PLAINTIFF/PETITIONER: Craig M. Garriott | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Boeing Company, et al. | 24STCV09031 |

2. *(continued)*

   e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

     ☐ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

     ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

     ☐ pending

     ☐ dismissed   ☐ with   ☐ without prejudice

     ☐ disposed of by judgment

3.  a. Title:

   b. Case number:

   c. Court: ☐ same as above

     ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

     ☐ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

     ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

     ☐ pending

     ☐ dismissed   ☐ with   ☐ without prejudice

     ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: June 4, 2024

Catherine L. Hazany

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)       ▶     *Catherine L. Hazany* (signature)

                                              (SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: Craig M. Garriott | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Boeing Company, et al. | 24STCV09031 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):*

2. | served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:             c. Name of person served:

   Street address:                        Street address:

   City:                                  City:

   State and zip code:                    State and zip code:

   b. Name of person served:             d. Name of person served:

   Street address:                        Street address:

   City:                                  City:

   State and zip code:                    State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ►    _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE**
*Craig M Garriott v. The Boeing Company, et al.*
Case No. 24STCV09031

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made.  My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, CA 90502.

On **June 4, 2024**, I served the following document(s):

**NOTICE OF RELATED CASE**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Torrance, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 4, 2024,** at Torrance, California.

CAROLINA MARTIS

1

## SERVICE LIST

2

3  Leonard H. Sansanowicz, Esq.            Attorneys for Plaintiff
   SANSANOWICZ LAW GROUP, P.C.            CRAIG M GARRIOTT
4  21031 Ventura Blvd., Suite 701
   Woodland Hills, CA  91364
5  Tel:   (818) 639-8510
   Fax:   (818) 639-8511
6  Email: leonard@law-slg.com

7  Narak Mirzaie, Esq.                     Attorneys for Plaintiff
   M LAW ATTORNEYS, APC                   CRAIG M GARRIOT
8  P.O. BOX 60091
   Pasadena, CA  91102
9  Tel:   (626) 626-4422
   Fax:   (626) 626-4420
10 Email: nm@mlawattorneys.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 6

1 | Leonard H. Sansanowicz, Esq. (SBN 255729)
2 | SANSANOWICZ LAW GROUP, P.C.
   | 21031 Ventura Boulevard, Suite 701
3 | Woodland Hills, CA 91364
   | Tel: (818) 639-8510
4 | Facsimile: (818) 639-8511
   | leonard@law-slg.com
5 |
6 | Narak Mirzaie, Esq. (SBN 311508)
   | M LAW ATTORNEYS, APC
7 | P.O. Box 60091
   | Pasadena, CA 91102
8 | Tel: (626)626-4422
   | Fax: (626)626-4420
   | nm@mlawattorneys.com
9 |
   | Attorneys for PLAINTIFF KATHY MOONITZ
10 |

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/11/2024 12:53 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Perez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

24STCV09122

| | |
|---|---|
| KATHY MOONITZ, an individual, | _UNLIMITED JURISDICTION_ |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** |
| vs. | **1. WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5(h);** |
| THE BOEING COMPANY, a Delaware corporation, NINA MATTERA, an individual, and DOES 1 to 100, inclusive, | **2. INJUNCTIVE RELIEF/DECLARATORY JUDGMENT; AND** |
| Defendants. | **3. DEFAMATION PER SE.** |
| | **DEMAND FOR JURY TRIAL** |

*SANSANOWICZ LAW GROUP, P.C.*
*Attorneys at Law*

COMPLAINT FOR DAMAGES

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

COMES NOW Plaintiff Kathy Moonitz (Plaintiff or "Ms. Moonitz") for causes of action against The Boeing Company ("Boeing"), DOES 1 to 100 inclusive (collectively with Boeing, "Employer Defendants"), and Nina Mattera ("Mattera") (collectively with Employer Defendants, "Defendants"), alleging as follows:

## NATURE OF THE ACTION

1.      This is a complaint brought under the California Labor Code as well as common law principles, for whistleblower retaliation and defamation per se. Plaintiff seeks compensatory, general, and punitive damages, injunctive and declaratory relief, attorney's fees, and costs of suit from Defendants.

2.      Plaintiff[1] and Defendants executed a tolling agreement effective October 5, 2023, mutually agreeing to toll all statutes of limitations that were viable as of the commencement of the tolling period through and including the sixtieth day after mediation. The parties attended mediation on February 12, 2024. The parties' Tolling Agreement is attached hereto as **Exhibit A**.

## PARTIES

3.      Plaintiff Kathy Moonitz is, and at all times relevant was, an individual residing in Los Angeles County, California. Since approximately December 2021, Ms. Moonitz has been employed by Employer Defendants as a Quality Inspector.

4.      Defendant The Boeing Company ("Boeing") is, and at all times relevant was, a Delaware corporation that employed Plaintiff and others in California, whose principal place of business is 1950 E. Imperial Highway, El Segundo, CA 90245.

5.      Defendant Nina Mattera ("Mattera") is, and at all times relevant was, an individual residing in Los Angeles County, California. During the relevant period, Mattera was Manager of Propulsion Area and reported to Ben Kroeter, Director of Operations for Boeing El Segundo (Aerospace) ("Kroeter"), and Karl Gaugel (Assistant Director of Operations) ("Gaugel").

6.      Plaintiff currently is unaware of the true names of the defendants sued herein as

---

[1] Plaintiff is listed as "Kathy Garriott" in the Tolling Agreement in recognition of the fact that she is married to Craig Garriott, whom Defendants retaliated against, *infra*, and whose whistleblowing activities caused Defendants to retaliate against Plaintiff. She brings this lawsuit under the name that is on her paystubs.

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

Does 1 through 100, inclusive. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint. Plaintiff is informed and believes, and thereon alleges, that Does 1 through 100 are the partners, joint employers, agents, owners, shareholders, directors, members, officers, managers, or employees of The Boeing Company. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each defendant was an employer, principal, agent, manager, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Employer Defendants, and was engaged with some or all of the other Employer Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is informed and believes, and thereon alleges, that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant did, knew or should have known about, authorized, ratified, adopted, approved, controlled, or aided and abetted the conduct of all other Employer Defendants, which proximately caused the damages herein alleged. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, willfully, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

7.    Plaintiff further is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, Boeing, Mattera, and/or Does 1 through 100, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy and practice of The Boeing Company.

8.    The Boeing Company, and the business entities sued as Does 1 through 100

1    (collectively, "Employer Defendants"), were and are Plaintiff's employers. Under California law,

2    Employer Defendants are jointly and severally liable as employers, or other persons acting on

3    behalf of Employer Defendants, for violating, or causing to be violated, the violations alleged herein

4    because they have each exercised sufficient control over the terms, wages, hours, working

5    conditions, and/or employment of Plaintiff. Each Employer Defendant had the power to hire and

6    fire Plaintiff and other employees, to supervise and control their work schedules and/or conditions

7    of employment, to determine their rates of pay, and the right to control how or if Plaintiff and other

8    employees were paid for time worked. Employer Defendants suffered or permitted Plaintiff to work

9    and/or engaged Plaintiff and others to create a common law employment relationship. As joint

10   employers of Plaintiff, Employer Defendants are jointly and severally liable for the damages and all

11   other relief available to Plaintiff as alleged herein.

12                            **JURISDICTION AND VENUE**

13          9.     Jurisdiction for this matter lies properly with this Court because the monetary

14   damages sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be

15   established according to proof at trial. This Court also has jurisdiction over this action pursuant to

16   the California Constitution, Article VI, § 10.

17          10.    This Court also has jurisdiction in this matter because throughout her employment,

18   Plaintiff has been a California citizen, as is Defendant Mattera. Further, there is no federal question

19   at issue, as the issues herein are based solely on California statutes and law.

20          11.    Venue is proper in this Court because Employer Defendants employ persons,

21   including Plaintiff, in this county, and thus a substantial portion of the transactions and occurrences

22   related to this action occurred in this county. (CCP § 395.) Moreover, the principal violations of

23   California law occurred in California, and the conduct of all Defendants which form the basis for

24   Plaintiff's claims occurred within or arose out of California and within this county.

25                            **GENERAL ALLEGATIONS**

26          12.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 11, inclusive,

27   as if fully set forth herein.

28          13.    Ms. Moonitz has been employed by Employer Defendants as a Quality Inspector

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1    since approximately December 2021. As Quality Inspector, she is responsible for reviewing the

2    work technicians do. Defendant Mattera works in the same physical area as Ms. Moonitz does.

3         14.    In September 2022, Mattera retaliated against Ms. Moonitz because of the protected

4    actions taken by Ms. Moonitz's husband, Craig Garriott, who is also employed by Employer

5    Defendants. Craig Garriott began working at Boeing around May 1997. He has worked as an

6    antennae technician and an aero vehicle technician, mostly as an aero vehicle technician. He

7    became a shop steward of the United Brotherhood of Carpenters and Joiners of America ("Union")

8    beginning in 2007 and became a senior shop steward around 2012. Mr. Garriott took a "leave" from

9    Boeing in 2017 and became a Business Agent for the Union from 2017 to 2022, during which time

10   his Boeing position was placed on hold. In 2022, he returned to Boeing full-time and assumed the

11   role of senior shop steward. Mr. Garriott's job, both for the Union and for Boeing upon his return,

12   was to file grievances with the Union on behalf of union workers employed by Boeing. After

13   returning to Boeing, Mr. Garriott became Focal Steward at Boeing and then Chief Focal Steward,

14   overseeing the Focal Stewards at both Boeing and Millennium.

15        15.    In 2022, Mr. Garriottt was made aware by the Union that Defendant Mattera had

16   used her position at Boeing to purchase a $10 million propellant system from a company owned by

17   a family friend of hers and then hired the child of the head of that company to her (Mattera's team)

18   at Boeing. Mr. Garriott reasonably suspected this type of "pay to play" nepotism violated any

19   number of anti-kickback, bribery, or corruption laws,[2] including but not limited to California Penal

20   Code section 641.3. Mr. Garriott also reasonably believed Mattera's conduct violated Boeing's own

21   Code of Conduct[3] (both for its own employees and its suppliers)[4] as unethical conduct.[5] He knew

22

23      [2] Boeing's Compliance and Ethics webpage (available here: https://www.boeing.com/principles/ethics-and-
24   compliance.page) provides, " Boeing strictly forbids bribery and corruption of any kind… Retaliation against
     reporting parties is strictly prohibited, and action is taken against violators of anti-retaliation policies."

25      [3] The Boeing Code of Conduct specifically requires, "I will not engage in any activity that creates a conflict
26   of interest for me or the company." It further provides, "I will promptly report any illegal, improper, or
     unethical conduct to my management or through other appropriate channels."

27      [4] The Boeing Supplier Code of Conduct requires, "We expect suppliers to prohibit their employees from
28   receiving, paying, and/or promising sums of money or anything of value, directly or indirectly, intended to
     exert undue influence or improper advantage." Specifically, as per conflicts of interest, the policy provides,

1    such quid pro quo dealing needed to be investigated and reported, to avoid even the appearance of

2    impropriety.[6]

3        16.    Mr. Garriott reported Mattera's conduct to Maryanne Koser (Head of HR – El

4    Segundo) and David Young (Head of Labor Relations – El Segundo) around September 2022. He

5    specifically requested his name be kept out of the complaint as Ms. Moonitz worked near Mattera

6    and Mattera was known to be retaliatory. Despite this request, shortly after Mr. Garriott reported

7    Mattera to management, Mattera retaliated against Mr. Garriott by trying to have Ms. Moonitz

8    replaced with a different inspector.

9        17.    Around mid-September, during a meeting with her bosses, Kroeter and Gaugel (who

10    also are the bosses of Ms. Moonitz's direct boss), Mattera falsely accused Ms. Moonitz of having

11    incorrectly purchased certain metals for the purpose of welding them to the satellites Boeing was

12    manufacturing ("welds"), which Mattera alleged had cost the company a lot of money. In fact, Ms.

13    Moonitz had not done what Mattera accused her of having done. However, the implication from

14    Mattera's statement to Kroeter and Gaugel was that Ms. Moonitz was incompetent at her job and

15    that the supposed mistake would render the product completely unworkable. Mattera made the

16    statement as a matter of fact, not opinion, and intended to cause harm to Ms. Moonitz because of

17    her association with Mr. Garriott.

18        18.    Mattera's statement proved to be false, as Ms. Moonitz's boss reviewed her work

19

20

"We expect suppliers to avoid all conflicts of interest or situations that give rise to the appearance of a
potential conflict of interest. Suppliers must provide immediate notification to all affected parties in the event
that an actual or potential conflict of interest arises. This includes a conflict between Boeing's interests and
the interests of a supplier, a supplier's employees or its employees' close relatives, friends, or associates."

[5] A 2021 Global Business Ethics Survey Report (linked from the Boeing website, and available here:
https://www.ethics.org/global-business-ethics-survey/) shows that from 2017 to 2020, observed conflicts of
interest in the workplace rose 8%, from 15% to 23% of all observed ethical misconduct, with a higher jump
of observed conflicts of interest at the management level, from 22% to 38%, or a 16% increase.

[6] Boeing's Company Procedure PRO-7 mandates, "An actual conflict of interest does not need to be present
to constitute a violation of this procedure. Activities that create the appearance of a conflict of interest must
also be avoided to ensure that the reputation of Boeing and its employees is not harmed." Moreover,
Boeing's Ethical Business Conduct Guidelines further provides, "Examples of conflicts of interest include,
but are not limited to: Personal relationships with employees of other business entities that could influence an
employee's decision concerning the selection of a supplier or its products."

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

SANSANOWICZ LAW GROUP, P.C.

Attorneys at Law

1    and determined she had not done anything wrong.

2    19.    After Mattera's meeting with her bosses, and despite having had her claim against

3    Ms. Moonitz refuted, Mattera continued her retaliatory campaign against Ms. Moonitz well into

4    October 2022 and beyond, including but not limited to trying to have Ms. Moonitz replaced with a

5    different quality inspector; having work taken away from Ms. Moonitz; and having management

6    withhold information that Ms. Moonitz needed to be able to perform her job properly.

7    20.    Another inspector was brought in to replace Ms. Moonitz. He told her that based on

8    his considerable experience in the field, she had done a good job and had not done anything wrong,

9    certainly not what she was being accused of. Ultimately, Ms. Moonitz was allowed to keep her job.

10    21.    Nevertheless, shortly after the Mattera complaint, Ms. Moonitz suffered increased

11    scrutiny from other managers in the area. She received less work, and management stopped

12    discussing with her what was going on with the satellites, which she needed to be able to perform

13    her job properly.

14    22.    After the Mattera complaint, other workers in Ms. Moonitz's area reported having

15    seen emails that, in effect, said Ms. Moonitz was a poor worker or did bad work.

16    23.    Ms. Moonitz continues to suffer emotional distress, including but not limited to the

17    fear of future reprisals.

18    24.    In addition, the stress of the above retaliation has taken its toll on Ms. Moonitz's

19    marriage to Mr. Garriott. They have only been married since 2021 yet have been separated several

20    times since 2023 and have spent much of their marriage trying to reconcile these separations.

21    **FIRST CAUSE OF ACTION**

22    **WHISTLEBLOWER RETALIATION, IN VIOLATION OF LABOR CODE § 1102.5(h)**

23    **(By Plaintiff Against Employer Defendants)**

24    25.    Plaintiff incorporates by reference and re-alleges the allegations contained in

25    paragraphs 1 through 24, inclusive, as though fully set forth herein.

26    26.    At all relevant times, Labor Code section 1102.5, subdivision (h), was in full force

27    and effect and was binding on Employer Defendants. Subdivision (h) provides in relevant part, "An

28    employer, or a person acting on behalf of the employer, shall not retaliate against an employee

1   because the employee is a family member of a person who has, or is perceived to have, engaged in

2   any acts protected by this section."

3       27.    Mattera retaliated against Ms. Moonitz solely because Ms. Moonitz was the wife of

4   an employee who engaged in, or who Employer Defendants perceived to have engaged in, protected

5   whistleblowing activities, including against Mattera's illicit conduct.

6       28.   As a proximate result of the wrongful conduct of Defendants, and each of them, Ms.

7   Moonitz has suffered and continues to sustain actual damages, including but not limited to costs of

8   suit and other pecuniary loss in an amount not presently ascertained but to be proven at trial.

9       29.   As a further proximate result of the wrongful conduct of Defendants, and each of them,

10  Ms. Moonitz has suffered emotional and mental distress, anguish, humiliation, shame,

11  embarrassment, fright, shock, pain, discomfort, and anxiety, in an amount according to proof at the

12  time of trial.

13      30.    The actions of Defendants as alleged herein were carried out with malice, willfulness

14  and/or reckless indifference to Ms. Moonitz's rights, with full knowledge of their unlawfulness, and

15  with the intent to deprive Ms. Moonitz of rights guaranteed under the law. Ms. Moonitz is entitled

16  to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or

17  reckless conduct. Defendants' conduct described herein was engaged in by officers, directors,

18  and/or managing agents for Employer Defendants and/or ratified by officers, directors, and/or

19  managing agents.

20      31.    As a result of these Defendants' conduct as alleged herein, Plaintiff is entitled to an

21  award of reasonable attorney's fees pursuant to Labor Code section 1102.5, subdivision (j). Plaintiff

22  is further entitled to costs of suit as provided for in Code of Civil Procedure section 1021.5.

23                              **SECOND CAUSE OF ACTION**

24                    **INJUNCTIVE RELIEF/DECLARATORY JUDGMENT**

25                         **(By Plaintiff Against Employer Defendants)**

26      32.    Plaintiff incorporates by reference and re-alleges the allegations contained in

27  paragraphs 1 through 31, inclusive, as though fully set forth herein.

28      33.    California Labor Code section 1102.5 "reflects the broad public policy interest in

COMPLAINT FOR DAMAGES

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

1  encouraging workplace whistle-blowers to report unlawful acts without fearing retaliation." *Green*

2  *v. Ralee Eng'g Co.* (1998) 19 Cal.4th 66, 77 (affirmed by *Lawson v. PPG Architectural Finishes,*

3  *Inc.* (2022) 12 Cal.5th 703, 709).

4    34.    An actual controversy has arisen and now exists between Plaintiff and Employer

5  Defendants concerning the parties' respective rights and duties, as it is believed that Employer

6  Defendants may contend that they did not retaliate against Ms. Moonitz because her husband blew

7  the whistle on what he reasonably believed was illegal conduct. Plaintiff, by contrast, alleges that

8  Employer Defendants did in fact retaliate against her for her husband's whistleblowing activity.

9  Plaintiff therefore is informed and believes, and on that basis alleges, that Employer Defendants

10  will dispute Plaintiff's whistleblower retaliation cause of action.

11    35.    Pursuant to California Code of Civil Procedure section 1060, Plaintiff seeks a

12  judicial determination of Plaintiff's rights and Employer Defendants' duties, and a declaration that

13  Employer Defendants retaliated against Plaintiff because of her husband's protected whistleblowing

14  activity. In so doing, Plaintiff seeks a judicial determination and declaration that Employer

15  Defendants' retaliation against Plaintiff for her husband's whistleblowing activities was a

16  contributing factor in the decisions to take adverse employment actions against her.

17    36.    Pursuant to California Labor Code sections 1102.61 and 1102.62, Plaintiff petitions

18  the Court for injunctive relief until a judicial determination has been issued, or at a time certain set

19  by the Court, to enjoin Employer Defendants from further retaliating against Plaintiff for her

20  husband's protected whistleblower activity.

21    37.    A judicial determination is necessary and appropriate so that Plaintiff, on her own

22  behalf and on behalf of other employees in the State of California, and in conformity with the public

23  policy of the State, may obtain a judicial declaration of Employer Defendants' wrongdoing and to

24  prospectively condemn such retaliatory employment policies and/or practices.

25    38.    A judicial determination also is necessary and appropriate so that Employer

26  Defendants may be aware of their obligations under the law to not retaliate against employees who

27  blow the whistle (or who are the family members of employees who blow the whistle or are

28  perceived to have blown the whistle) on what the whistleblowing employees reasonably believe is a

violation of state or federal statute or a violation of or noncompliance with a local, state, or federal rule or regulation. Such relief is necessary because other employees of Employer Defendants will be irreparably harmed if the above-described retaliation is allowed to continue.

39.     Plaintiff is entitled to recover prevailing party reasonable attorney's fees pursuant to Labor Code section 1102.5, subdivision (j), to redress, prevent, or deter retaliation.

## THIRD CAUSE OF ACTION

### DEFAMATION PER SE

**(By Plaintiff Against All Defendants)**

40.     Plaintiff incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     Defendants and/or their agents or employees made false statements of fact to other individuals, which tended to injure Plaintiff directly in her occupation, including but not limited to such things as that Plaintiff was incompetent at her job and unnecessarily cost the company money because of her incompetence.

42.     Defendants and/or their agents or employees made false and libelous accusations, impugning Plaintiff's honesty, integrity, and competence in her occupation, despite knowing the statements were false.

43.     Such libelous and/or slanderous publications were republished multiple times over by Defendants and/or their agents or employees.

44.     When Defendants made the aforementioned statements, Defendants deliberately and intentionally communicated false and damaging statements, knowing that the statements would seriously injure Plaintiff's professional reputation.

45.     The defamatory statements were understood to be assertions of fact, not opinion.

46.     Within one year of the date this lawsuit was filed, Plaintiff has been or will have been forced to self-publish the false and defamatory reason(s) she was disciplined either to prospective employers (who, as a matter of course, asked or will ask about Plaintiff's employment with Employer Defendants), or internally within Employer Defendants themselves. At the time they were made, it was reasonably foreseeable that the defamatory statements would be repeated to

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

prospective employers or internally within Employer Defendants.

47.    Each of these false defamatory per se publications were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputations, to cause Plaintiff to be disciplined, or to justify disciplining Plaintiff.

48.    Defendants, and each of them, lacked reasonable ground for belief in the truth of the defamatory statements and thereafter acted in reckless disregard of Plaintiff' rights.

49.    The above complained-of publications by all Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, her reputation, her employment, and/or her employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy her reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these publications or republications.

50.    Plaintiff is informed, believes, and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's professional and/or personal reputation. Plaintiff also seeks redress in this action for all foreseeable republications, including her own compelled self-publication of these defamatory statements.

51.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer either losses in earnings and other employment and retirement benefits, or embarrassment, humiliation, and mental anguish, all to her damage in an amount according to proof.

52.    The actions or inactions of these Defendants as alleged herein were carried out with malice, willfulness and/or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and with the intent to deprive Plaintiff of rights guaranteed to her under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious,

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

oppressive and/or reckless conduct. Defendants' conduct described herein was engaged in by officers, directors, and/or managing agents for Employer Defendants and/or ratified by officers, directors, and/or managing agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment as follows:

1. For an award of general damages in an amount to be proven at trial;

2. For an award of special damages in an amount to be proven at trial, including past and future lost income and benefits and interest thereon;

3. For an award of punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

4. For pre-judgment interest at the prevailing legal rate;

5. For declaratory and injunctive relief, including but not limited to an order requiring Defendants to immediately comply with all local, State, and federal laws, rules, and/or regulations regarding retaliation against employees for engaging in protected whistleblowing activities;

6. For reasonable attorney's fees and costs; and

7. For such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby request a jury trial on the claims so triable.

Dated:  April 11, 2024

SANSANOWICZ LAW GROUP, P.C.
M LAW ATTORNEYS, APC

By

Leonard H. Sansanowicz, Esq.
Narak Mirzae, Esq.
Attorneys for Plaintiff Kathy Moonitz

SANSANOWICZ LAW GROUP, P.C.
Attorneys at Law

# EXHIBIT A

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made and entered into as of October 5, 2023 ("Effective Date"), by and between Craig Garriott and Kathy Garriott (collectively, "Plaintiffs") and The Boeing Company ("Boeing"), Millennium Space Systems, Inc., Jennifer Burina, Nina Matera, and Calinda Starr (collectively, "Defendants").

WHEREAS, a dispute has arisen between Plaintiffs and Defendants;

WHEREAS, Plaintiffs forwarded correspondence to Defendant Boeing about the dispute, including draft complaints to be filed by Craig Garriott and Kathy Garriott should the parties not agree to resolve their disputes informally, and Boeing received such correspondence on April 14, 2023;

WHEREAS, Plaintiffs and Defendants have been involved in discussions and negotiations to potentially resolve the dispute without the necessity and expense of litigation;

WHEREAS, the discussions between Plaintiffs and Defendants will not be concluded before the expiration of the statute of limitations of at least some of Plaintiffs' rights;

WHEREAS, the Parties have now agreed to private mediation, which will take place on November 16, 2023, or a date shortly thereafter (pending the mediator's availability);

WHEREAS, the Parties wish to allow sufficient time for the mediation and any post-mediation discussions and/or negotiations to take place before Plaintiffs file their civil actions;

WHEREAS, by entering into this Agreement, Defendants do not intend to resurrect any claims that are time-barred prior to the Effective Date of this Agreement.

THEREFORE, Plaintiffs and Defendant agree by and through their counsel to toll any applicable statute of limitations from the Effective Date of this Agreement until sixty (60) days after the mediation (the "Tolling Period"), to allow the Parties to continue discussions and negotiations and possibly resolve the dispute before Plaintiffs file civil lawsuits. The terms and conditions of the Agreement are as follows:

**1. Scope of Agreement/No Admission of Liability**. This Agreement operates to toll any and all statutes of limitations and time constraints imposed by law on Plaintiffs' claims during the Tolling Period. This Agreement shall not be construed as an admission of liability or be offered in evidence in any proceeding other than to prove that any applicable statute of limitations were tolled during the Tolling Period.

**2. Tolling Period.** This Agreement shall be in effect from the "Effective Date" through and including the sixtieth (60th) day after mediation (the "Tolling Period"), all applicable statutes of limitations that were viable as of the commencement of the Tolling Period shall be tolled and suspended.

**3. Waiver During Tolling Period.** Defendants hereby waive any applicable statute of limitations defenses that would otherwise arise during the Tolling Period. Defendants do not waive any statute of limitations defense, or any other claims or defenses available prior to the Tolling Period or after the Tolling Period expires.

**4. Action Initiated During Tolling Period.** During the Tolling Period, Plaintiffs may file complaints or initiate any other legal proceeding against Defendants relating to Plaintiffs' employment.

**5. Termination Before Expiration Date.** Defendants may terminate this Agreement at any time by providing a notice of intent to terminate in writing, sent via email and via overnight delivery service to Plaintiffs' counsel. The termination date shall be 30 days from the date of the notice of intent.

**6. Substantive Law.** This Agreement shall be interpreted in accordance with the substantive law of the State of California, without application of choice of law rules.

**7. Copies of Tolling Agreement Valid.** This Agreement may be executed in one or more original or counterparts. A signed document transmitted via facsimile or email shall be valid.

Dated: _____October 9, 2023_____        SANSANOWICZ LAW GROUP, P.C.
                                             M LAW ATTORNEYS, APC

                                             _____
                                             Leonard H. Sansanowicz, Esq.
                                             Narak Mirzaie, Esq.
                                             Attorneys for Plaintiffs Craig and Kathy Garriott

Dated: October 9, 2023                       OGLETREE DEAKINS

                                             _____
                                             Betsy Johnson, Esq.
                                             Catherine L. Hazany, Esq.
                                             Tara Mohseni, Esq.
                                             Attorneys for Defendants The Boeing Company,
                                             Millennium Space Systems, Inc., Jennifer Burina,
                                             Nina Matera, and Calinda Starr

1
2

**CERTIFICATE OF SERVICE**
*Craig M Garriott v. The Boeing Company, et al.*
Case No. 2:24-CV-04735

3
4
5

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, CA 90502.

6

    On **June 5, 2024**, I served the following document(s):

7
8

**DECLARATION OF CATHERINE L. HAZANY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

9

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

10
11
12

☐    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13
14
15

☐    **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

16
17
18

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19
20
21

☒    (**Federal**) I declare that I am employed in the office of a member of the State Bar of Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

22

    Executed on **June 5, 2024**, at Torrance, California.

23
24

_____
Maria Peltekova

25
26
27
28

1

# **SERVICE LIST**

2

3  Leonard H. Sansanowicz, Esq.          Attorneys for Plaintiff
   SANSANOWICZ LAW GROUP, P.C.     CRAIG M GARRIOTT
4  21031 Ventura Blvd., Suite 701
   Woodland Hills, CA  91364
5  Tel:   (818) 639-8510
   Fax:   (818) 639-8511
6  Email:       leonard@law-slg.com

7  Narak Mirzaie, Esq.                   Attorneys for Plaintiff
   M LAW ATTORNEYS, APC               CRAIG M GARRIOT
8  P.O. BOX 60091
   Pasadena, CA  91102
9  Tel:   (626) 626-4422
   Fax:   (626) 626-4420
10 Email:       nm@mlawattorneys.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28